In the Matter of the Claim of SOFIO BOSCARINO et al., Respondents, against CARFAGNO & DRAGONETTE, INCORPORATED, et al., Appellants.

**Workmen's Compensation Law — award to claimant for "loss of use of right eye" — when erroneous.**

An award under the Workmen's Compensation Law for the "loss of use of the right eye" is not justified in a case where the eye, although injured, still retained twenty per cent of its normal vision, and the claimant can still make use of the sight remaining in pursuing some calling similar to that which he was engaged in when injured.

*Matter of Boscarino* v. *Carfagno & Dragonette, Inc.*, 175 App. Div. 286, reversed.

(Argued March 1, 1917; decided March 13, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 1, 1916, which affirmed an award of the State Industrial Commission under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Andrew J. Nellis* for appellants.   It was unjust for the commission to determine that because the scar upon the cornea might interfere with the claimant's capacity

to read or to do other fine work he should be awarded as if he had lost the use of his right eye. (*Matter of Grammici* v. *Zinn*, 219 N. Y. 322; *Matter of Kanzar* v. *Acorn Mfg. Co.*, 219 N. Y. 322.)

*Egburt E. Woodbury, Attorney-General* (*E. C. Aiken* of counsel), for respondents. It was proper for the commission to award compensation for the loss of the use of an eye. (*Matter of Petrie*, 215 N. Y. 335; *Beauregard* v. *Titchener & Co.*, 6 N. C. C. A. 887; *Sheanon* v. *Pacific M. L. Ins. Co.*, 77 Wis. 618; *Sneck* v. *Travelers' Ins. Co.*, 156 N. Y. 669.)

CUDDEBACK, J. The state industrial commission has awarded claimant in this case compensation for the loss of the use of the right eye, which, under the Workmen's Compensation Law, is the equivalent of the loss of the eye.

The finding of the commission, which was affirmed at the Appellate Division by a divided court, is that the claimant was employed in caulking a water main when " a chip of lead was accidentally thrown into his right eye, causing an abrasion of the cornea, resulting in iritis, and eventually in the loss of eighty per cent of the vision of that eye, and the consequent loss of use of the right eye."

The facts in the case are undisputed. The finding of the commission is based upon the report of a specialist in the treatment of eye troubles, who was agreed upon by the claimant and the insurance carrier. The report is as follows:

"The vision of the right eye equals 20/100 not materially improved with glasses. Aside from this opacity the eyeball is in good condition. The back-ground of the eyeball appears to be normal. Fields of vision normal in extent. If an artificial pupil were made, the vision would be much improved, but in all probability would not be

sufficiently good to permit him to follow any vocation
requiring reading or any other relatively fine work. Pros-
pects are that the vision will remain about as it is at pres-
ent until the artificial pupil is made. There is no danger
to the other eye from the injured eye."

It seems to me that neither the findings of the commis-
sion nor the evidence before it justify the conclusion that
the claimant has lost the "use of the right eye."

If the claimant still has vision in the eye, which equals
twenty per cent of normal, he is very far from having
lost the use of the eye and no amount of argument can
add much to the force of that bare statement.

The cases cited by the attorney-general do not sus-
tain the award. In *Beauregard* v. *Titchener & Co.*
(6 Neg. & Com. Cases, 887, note) the Illinois industrial
board held that ability "to only distinguish light and
objects moving before the eye" is for all practical purposes
a total loss of such eye. In *Sheanon* v. *P. M. L. Ins. Co.*
(77 Wis. 618) the Wisconsin Supreme Court held, with
regard to hands and feet, that "if their use is actually
destroyed, so that they will perform no functions what-
ever, then they are lost as hands and feet." In *Matter of
Petrie* (215 N. Y. 335) the claimant's "third finger was
cut off near the first joint" and the court sustained a find-
ing of the commission that the loss was substantially of
the whole phalange.

These cases are all based upon the principle that when
a member of the claimant's body or the use thereof is
practically gone or destroyed the award may be for the
loss of the whole member.

The case under consideration is not within that princi-
ple, but falls rather within our decision in *Matter of
Grammici* v. *Zinn* (219 N. Y. 322, 325). There the claim-
ant had lost the first, second and third fingers and the first
phalange of the fourth finger of the right hand, and that
was held not to be the equivalent of the loss of a hand.
The claimant there had remaining the thumb and the

greater part of the little finger, which were undoubtedly of use to him for many purposes. The court said: " The hand, or the use of it, was not lost, provided it could fulfill, in a degree fair and worth considering, in any employment for which the claimant was physically and mentally fitted or adaptive, its normal and natural functions." Here the claimant can make use of the sight remaining in his right eye in many ways. He may not be able to follow any vocation which requires reading or other relatively fine work, as the evidence is, but he can pursue some calling similar to that in which he was engaged when injured.

If in the future the impairment of the claimant's vision should increase, the law gives the industrial commission the power to reconsider the award.

I recommend that the order appealed from be reversed and that the case be remitted to the industrial commission for further consideration.

HISCOCK, Ch. J., CHASE, HOGAN, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Order reversed, etc.