AMERICAN ZINC CO. OF TENNESSEE *v.* FIELDING LUSK.*

(*Knoxville.*   September Term, 1923.)

1. **MASTER AND SERVANT.** ''Total loss of sight'' within Compensation Act defined.

   Under Workmen's Compensation Act, Section 28, subd. e, providing that the total and permanent loss of the sight of both eyes, or any other injury which totally incapacitates the employee from working at an occupation which brings him an income, shall constitute total disability, such a degree of permanent loss of the sight of both eyes as totally incapacitates from working at an income-yielding occupation which requires the use of eyesight constitute such a loss of sight as is contemplated.   (*Post, pp.* 223, 224.)

2. **MASTER AND SERVANT.** One capable of performing only work of blind man is totally disabled within Compensation Act.

   Under Workmen's Compensation Act, Section, 28, subd. e, relating to total and permanent disability, a condition resulting from loss of sight, which leaves the employee restricted to work which normally one can perform if totally blind, is total disability. (*Post, pp.* 223, 224.)

   Acts cited and construed:   Pub. Acts 1919, ch. 123.

   Case cited and approved:   Moore v. Peet Bros., Mfg. Co., 99 Kan. 443,

3. **MASTER AND SERVANT.** Compensation as ''for total loss of sight'' of both eyes held proper, though two and one-half per cent. of normal vision remained.

   A claimant under the Workmen's Compensation Act who has lost one eye altogether, but retains five per cent. of the other, which percentage of normal sight might be increased to fifteen per cent. by

---

*On compensation for loss or impairment of eyesight within the meaning of the Workmen's Compensation Acts, see notes in 8 A. L. R., 1324 and 24 A. L. R., 1466.

On questions relating to agreements for payment of compensation in lump sums under Workmen's Compensation Acts, see notes in L. R. A., 1916A, 189 and L. R. A., 1917D, 179.

the use of proper corrective glasses, so that he has remaining but two and one-half per cent. of his total vision with a possibility of increasing it to seven and one-half per cent., *held* entitled to compensation as for total and permanent loss of the sight of both eyes. (*Post, p.* 244.)

4. **MASTER AND SERVANT.** Finding of fact in compensation case final.

The question as to what constitutes incapacity within the Workmen's Compensation Act is largely one of fact, and the supreme court will not disturb the finding of the trial court on a question of fact where there is evidence to sustain it. (*Post, pp.* 224-226.)

Cases cited and approved: Milne v. Sanders, 143 Tenn., 602; Keyworth v. Atlantic Mills, 42 D. I., 391; Sofia Boscarino et al. v. Carfagno et al., 220 N. Y., 323; Cline v. Studebaker Corp., et al., 189 Mich., 514; Valentine v. Sherwood Metal Co. et al., 189 App. Div., 410.

5. **MASTER AND SERVANT.** Payments may be commuted under Compensation Act only upon agreement.

Workmen's Compensation Act, Section 36, providing for commutation of payments to a lump sum only with the consent of the circuit court, implies the presentation of an agreed stipulation or order, and hence requires an agreement between the employer and employee as the basis of the consent, negativing any arbitrary or initiatory action on the part of the court. (*Post, pp.* 226, 227.)

FROM KNOX.

Appeal from the Circuit Court of Knox County.—HON. VON A. HUFFAKER, Judge.

FRANTZ, MCCONNELL & SEYMOUR, for American Zinc Co.

S. E. HODGES, for Lusk.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

From a judgment below awarding compensation for total disability to its employee, Fielding Lusk, the zinc company has appealed; while Lusk has also appealed from so much of the judgment as refused to order commutation of his award.

It is conceded that Lusk was an employee and was injured in the course of his employment, but it is insisted that the proof shows that while one eye was altogether lost, five per cent. of the sight of the other remained, and that this percentage of normal sight might be increased to fifteen per cent. by the use of proper corrective glasses, and that this condition does not warrant an award upon the basis of total and permanent loss of the sight of both eyes.

The pertinent section of the Tennessee Workman's Compensation Act (Pub. Acts 1919, chapter 123), being the first paragraph of subsection (e) of section 28, provides:

"The total and permanent loss of the sight of both eyes, or the loss of both arms at the shoulder, or complete and permanent paralysis, or total and permanent loss of mental faculties, or any other injury which totally incapacitates the employee from working at an occupation which brings him an income, shall constitute total disability."

Learned counsel for the zinc company have properly foreseen that reliance would be had upon that part of the subsection above quoted which provides that "any other injury which totally incapacitates the employee from working at an occupation which brings him an income,

shall constitute total disability," it being recognized that such a degree of "loss of the sight of both eyes" as results in total incapacity authorizes an award under this section.

Giving application to that equitable construction required by the express terms of the act, this court is of opinion that whenever it appears that an employee has suffered such a degree of permanent loss of the sight of both eyes as totally incapacitates him from working at an income yielding occupation which requires the use of eyesight, this constitutes such a loss of the sight as is contemplated by the statute. And, further, a condition resulting from injury which leaves the employee incapacitated to work in an income-yielding occupation constitutes total disability whenever his income-earning capacity is restricted to work which normally one can perform if totally blind; the loss being of the sight, or without arms, if the loss be of that nature. In other words, the employee's disability is none the less "total" in the sense of the statute although it appears that without arms he can yet use for income-earning purposes his eyes and feet or mental equipment; or, if without eyes, he can so utilize his retained physical and mental powers.

It appears from the proof that Lusk himself indicates that, if provided with cash funds by commutation of his compensation, he would be able to invest these funds in a farm, and, with assistance from members of his family, contribute toward his support. This much one totally blind, or without arms, could of course do, but it is not within the intent of the statute to reduce the basis of compensation in any case by reason of the income which it may remain possible for the injured employee to earn

by virtue primarily and principally of an investment. This view is sound on principle and is supported by authority. *Moore* v. *Peet Bros. Mfg. Co.*, 99 Kan., 443, 162 Pac., 295, Ann. Cas., 1917E, 240.

It is true that in this case it appears that the employee has left a small fractional part of his normal vision and is still able to distinguish objects indistinctly and see to get about with more or less facility.

However, he has remaining but two and one-half per cent. of his total vision, with a possibility of increasing this to seven and one-half per cent. of the total by the use of corrective glasses. Is not this a "practical" destruction of the sight, when considered in connection with the manifest purpose of this legislation, which was to provide a substitute for the normal earning capacity of an employee in proportion to his injury?

The question as to what constitutes incapacity is largely one of fact, and this court will not disturb the finding of the trial judge in a workman's compensation case on a question of fact where there is evidence to sustain his finding. *Milne* v. *Sanders*, 143 Tenn., 602, 228 S. W., 702.

Because of the insistence of learned counsel for the zinc company that this case does not come within this rule, but that a question of law is presented for consideration arising upon undisputed facts, this court has carefully considered the record and the authorities presented. None of the cases relied on by counsel for the zinc company have more than a partial application to the facts of this case. In *Keyworth* v. *Atlantic Mills* (42 R. I., 391, 108 Atl., 81) reported in 8 A. L. R., 1322, not only is a statute somewhat differently worded construed, but the

American Zinc Co. v. Lusk.

employee retained ten per cent. of his normal vision, double
the amount retained in the present case, and, moreover,
in that case but one eye was involved.   In another case
cited the employee retained twenty per cent. of his normal
vision, and in another, by the use of glasses, fifty per cent.,
while in yet another the vision remained "nearly normal
for many purposes," with the aid of glasses.   *Sofia Bos-
carino et al.* v. *Carfagno et al.,* 220 N. Y., 323, 115 N. E.,
710, Ann. Cas., 1918A, 530; *Cline* y. *Studebaker Corpora-
tion et al.,* 189 Mich., 514, 155 N. W., 519, L. R. A., 1916C,
1139; *Valentine* v. *Sherwood Metal Co. et al.,* 189 App.
Div., 410, 178 N. Y. Supp., 494.

On the other hand, there is much authority for the
general rule that the award may be for total disability
whenever the faculty or member of the body, or the use
thereof, is practically destroyed.   It is well said that in
construing these provisions, "the better view seems to be
that where a faculty or member of the body, or the use
thereof, is practically gone or destroyed, the award may
be for the whole faculty or member."   28 R. C. L., 819.
Reference is made to 8 A. L. R., 1324 to 1331, for quo-
tations from and citations of applicable cases.   In the light
of this rule this court is of opinion that the evidence in
this case too nearly indicates a total loss of the eyesight
as the result of this accident to warrant reversal of the
judgment of the trial judge, and the appeal on this branch
of the case will be dismissed and the judgment below
affirmed.

It has been unnecessary for this court to pass upon the
question as to whether or not an employee will be required
to use corrective glasses or other available appliances in

order to reduce the compensation, as in this case it does not appear that even by the use of corrective glasses such a degree of sight would remain to the employee as would justify this court in overruling the finding of the trial judge as to the total disability of Lusk.

Considering next the appeal of Lusk, this court approves the construction given by the trial judge to the provision for commutation. It is clear that the act contemplates an agreement between the employer and the employee as the basis of that "consent" which must be granted by the court before commutation may be ordered. This is apparent from the language of section 36 of the act, reading as follows:

"Be it further enacted, that the amounts of compensation payable periodically hereunder may be commuted to one or more lump sum payments. These may be commuted only with the consent of the circuit court. In making such commutation the lump sum payment shall, in the aggregate, amount to a sum equal to the present value of all future installments of compensation calculated on a six per cent. basis. No settlement or compromise shall be made except on the terms herein provided."

The act permits commutation only when the court consents. The use of the word "consent" implies the precedent presentation of an agreed stipulation or order. It negatives the idea of arbitrary or initiatory action on the part of the court. And the language of the last sentence of the section, "no settlement or compromise shall be made except, etc.," supports this construction, clearly implying that the commutation thus provided for shall be made pursuant only to a "settlement or compromise," terms inconsistent with *ex parte* or forcible procedure.

American Zinc Co. v. Lusk.

This view is in harmony with the general purpose of the act to substitute periodical contributions to the support of those accustomed to and dependent upon such regular periodical incomes for those incomes theretofore earned; and is further strengthened by provisions in the act for termination of the periodical or installment payments upon the arising of certain conditions, such as the remarriage of a widow. Such provisions are, of course, inconsistent with a right in either party to enforce commutation by court order over the objection of the other. Supporting this view, see 14 N. C. A., 349 to 351, and authorities cited.

The appeal of Lusk is therefore dismissed, and the judgment affirmed, and the whole case remanded for further proceedings pursuant to this opinion.