LEDFORD *v.* JOHNSON CITY FOUNDRY & MACHINE CO.

(*Nashville*, December Term, 1935.)

Opinion filed Dec. 16, 1935.

THOMAS P. GORE and W. R. REPASS, both of Johnson City, for plaintiff in error.

CHALKLEY, BRANDT & LANGHAMMER, of Johnson City, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The original judgment in this compensation suit recited that the petitioner was temporarily partially disabled and entitled to fifty per cent. of the difference in the wage he was making before the accident ($9 per week) and the wage he was able to make after the accident ($6 per week)—fifty per cent. of $3 per week, or $1.50 per week for 300 weeks. This judgment was entered July 20, 1933, to be credited with certain previous payments made by the employer.

On September 6, 1933, the following order was made:

"The judgment heretofore entered in this case, and now pending on the clerk's docket, the same having been paid in full, it is therefore ordered that the judgment heretofore rendered be and the same is hereby ordered to be stricken from the docket and the defendants for nothing further held."

On September 8, 1934, a petition was filed for modification, alleging that the condition of the employee had become worse, and that he was totally and permanently disabled. It was averred by the employee in this petition that the order entered September 6, 1933, was null and void, and it was asked that this order be set aside. It was further prayed that the order of July 20, 1933, be

modified so as to award the petitioner $5 per week for 550 weeks instead of $1.50 per week for 300 weeks.

The defendant pleaded the former orders as *res adjudicata*, and this plea was sustained and the petition dismissed.

■■ We think the order of September 6, 1933, reciting that the judgment "heretofore entered in this case" had been paid in full and ordering that judgment stricken from the docket must be set aside.

Upon the entry of this order of September 6, 1933, petitioner was paid $162.50. At that time, giving the employer proper credits, the petitioner was due $1.50 per week for 280 weeks, or $420. This award had a statutory commuted value as of that date of $360. These are counsel's figures, not checked, but serve to illustrate our conclusion.

Section 6890 of the Code is in these words:

"The amounts of compensation payable periodically hereunder may be commuted to one or more lump sum payments. These may be commuted only with the consent of the circuit court. In making such commutation the lump sum payment shall, in the aggregate, amount to a sum equal to the present value of all future installments of compensation calculated on a six per cent. basis. No settlement or compromise shall be made except on the terms herein provided."

Any lump sum settlement at a figure less than that indicated is forbidden by the statute. The reasons are apparent. As a further protection for an impecunious or improvident employee or dependent, no lump sum settlement is permitted except upon consent of the court.

The order of September 6, 1933, does not set out the terms of the settlement, shows on its face that the settle-

ment had been made before the matter was presented to the court, and the order was obviously entered as a consent or agreed order by counsel for the parties.

The language of section 6890 is that ''no settlement or compromise shall be made except on the terms herein provided.'' That is to say, the employer and employee are disabled from making a settlement except upon the statutory terms. The law is that a judgment or decree affecting the rights of persons under disability, entered by consent of the representatives of those persons, is voidable and will be set aside if found prejudicial to the interests of such parties. *Glasscock* v. *Tate*, 107 Tenn., 486, 64 S. W., 715; *Milly* v. *Harrison*, 47 Tenn. (7 Cold.), 191; *Allen* v. *McCullough*, 49 Tenn. (2 Heisk.), 174, 5 Am. Rep., 27.

Indeed, in the face of the prohibition against a settlement or compromise except upon statutory terms, the court could scarcely have made this order of September 6, 1933, even upon proof and a full hearing.

Under the provisions of the Workmen's Compensation Act (Code 1932, section 6851 et seq.), the circuit court has full jurisdiction of cases arising under that statute and full power to set aside a compromise or settlement made in violation of the terms of the statute.

Section 6892 of the Code is as follows:

''All amounts paid by employer and received by the employee or his dependents, by lump sum payment, shall be final, but the amount of any award payable periodically for more than six months may be modified as follows:

''(a) At any time by agreement of the parties and approved by the court.

''(b) If the parties cannot agree, then at any time after six months from the date of the award an application

may be made to the courts by either party, on the ground of increase or decrease of incapacity due solely to the injury. In such cases the same procedure shall be followed as in section 6884 in case of disputed claim for compensation.''

The order of July 20, 1933, made in award payable periodically for more than six months. The parties not having agreed on the modification, and more than six months having elapsed from the date of the award, the petitioner was entitled to make an application to the court for a larger award for increase of incapacity due solely to the injury.

It results that the judgment of the lower court sustaining the plea of *res adjudicata* must be reversed, and the cause remanded for answer to the petition and further proceedings.