JOSEPH S. KAMARAD

*v.*

JAMES F. PARKES et al.

(*Nashville,* December Term, 1956.)

Opinion filed March 8, 1957.

WADE & FORRESTER, Pulaski, for appellants.

LOCKE & HOLTSFORD, Lawrenceburg, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is an appeal from the Circuit Court of Lawrence County (Hon. Joe M. Ingram, Judge) wherein Joseph S. Kamarad was awarded a judgment against the Parkes Lumber Company in the sum of $8,500, plus $1,200, or a total of $9,700. The award was made pursuant to the provisions of the Workmen's Compensation Law of Tennessee, T.C.A. sec. 50-901 et seq. as for total permanent disability.

The petitioner, Joseph Kamarad, alleged in his petition that he was employed by the Parkes Lumber Company, a partnership, etc., as a carpenter in erecting a house for one James Held in the City of Lawrenceburg, Tennessee, and while so employed he suffered certain injuries (described in the petition) as a result of which he is totally and permanently disabled.

The defendant in its answer to the petition denied that petitioner was in its employment at the time of the accident and injury complained of. Averment was made in the answer that it "had no control over his duties, compensation, hours of work, or, in fact, had nothing whatever to do with his employment." The answer admitted "that they operate under the Workmen's Compensation law of the State of Tennessee, but that this operation under said law did not apply to Joseph S. Kamarad"; that they have an insurance policy with a named Insurance Company but deny that this policy is affected in so far as the plaintiff is concerned.

The trial judge found the issues in favor of the petitioner as heretofore stated and granted an appeal to this Court.

There are 12 assignments of error. They relate primarily to alleged errors in the findings of fact by the trial judge and his conclusion in awarding a lump sum as compensation.

The appellants' counsel say, concerning these assignments:

"There are really three questions involved in this suit, all of which are raised by the various Assignments of Error. These questions are:

"1. Was Joseph S. Kamarad the employee of Parkes Lumber Company?

"2. Was Joseph S. Kamarad an independent contractor?

"3. Is there any provision in the Workmen's Compensation law whereby a Trial Judge can decree a lump sum payment or recovery by an alleged employee without the consent and agreement of the employer and his insurer?"

The trial judge found from all the evidence that the petitioner Kamarad was an employee and not an independent contractor.

The defendant Parkes Lumber Company, a partnership, is composed of the following persons, James F. Parkes, E. G. Parkes and Will Al Richardson, who are engaged in the lumber business and furnish building material for the erection of houses. The petitioner was an expert carpenter and was seriously injured while working on a house that was being erected for James Held in the City of Lawrenceburg. Held was a school teacher and his wife is a niece of Will Al Richardson, a partner in the Parkes Lumber Company.

The defendant has earnestly insisted that Kamarad was employed by James Held and that at no time was he under the control or direction of defendant, referring to the testimony of certain witnesses. On the contrary counsel for the petitioner says that Parkes Lumber Company was the builder of the Held home; that it furnished the plans, blue prints, and everything that went into the home, and paid all workmen; that this partnership was

the controlling authority in everything that went on both before and after the accident. The trial judge in deciding the issues found as follows:

"The controversy in this investigation resolves itself primarily, and in the first instance, to the question as to whether or not the plaintiff on this date, was in fact, an employee of the defendants as defined by the Workmen's Compensation law, so as to entitle him to said compensation. Upon this question, the Court, as heretofore pointed out, found that plaintiff was, in fact, such an employee and bases this conclusion, in part, upon the following facts, which are found and adopted by the Court, namely:

"1. They, the defendants, prepared the plans and specifications;

"2. They guaranteed to Jimmy Held that the house would be erected according to FHA or GI specifications;

"3. They paid for the labor.

"4. They withheld social security and withholding taxes from all of the laborers, except Joseph Kamarad, but the proof, from both Parkes Lumber Company and Jimmy Held, is that there was no difference in the relationship of Joseph Kamarad and the other employees;

"5. They relied upon the laborer's furnisher's and material's lien statute for their security;

"6. They stated in their own handwriting in their waiver of lien that they were the furnishers of the labor in connection with the building of this house;

"7. The application of Jimmy Held for a loan stated that the purpose of the proceeds of the loan was to pay Parkes Lumber Company's builders lien;

"8. They supervised the complete job from beginning to end, and when they received their money, they credited their account, 'The Held Job'.

"9. That the defendants, James F. Parkes, et al d/b/a Parkes Lumber Company, were engaged in this type of enterprise, were experienced therein, and, consequently, had superior knowledge in such business, and how such business was, or should have been carried on that Mr. Held, a school teacher, or Mr. Kamarad had; and as such, in view of all the facts as presented, the Court does find and does conclude that certainly the defendants did actually exercise control over the doing of the work on the project, or certainly that they had the right under the facts as presented to exercise such control."

The parties stipulated that Mr. Kamarad was totally and permanently injured, and entitled to compensation as set forth in the statute, the question of liability being reserved for the trial court.

We have given full consideration to the evidence in the case and find that it preponderates in favor of the foregoing finding of fact.

The contention of appellant that James Held employed Kamarad as a contractor and that Parkes Lumber Company was only his banker in furnishing the payroll for employees cannot be sustained when all the facts and circumstances are considered. While it is true that Held testified he employed Kamarad, and he approved certain

vouchers, his testimony is not conclusive of the issue. The crux of the question is the relation between the parties as shown by the entire record at the time the accident occurred. There is really no dispute as to employer-employee relationship before and after the accident.

"Mr. Parkes, Mr. Held, Mr. Charles Kamarad and Mr. Will Al Richardson all testified to the fact that there was no difference in the relationship, but that after the accident, the Parkes Lumber Company's bookkeeping department put the men who were working on the Held job under social security and withholding tax, and Workmen's Compensation, and that that was purely a matter of routine."

The foregoing argument of counsel is supported by the record. Moreover where any doubt exists as to whether the injured workman is an employee or an independent contractor the doubt must be resolved in favor of the former. If there is any material evidence to sustain the trial court's judgment we have no alternative other than to affirm it.

The contention that the defendant was nothing more than a "banker" for Held is a conclusion of the counsel. When all the evidence is considered we conclude, as did the trial judge, that the erection of this house, while referred to as "the Held Job" it was in truth and in fact a Parkes Lumber Company job.

We have dealt with this question of employer-employee relation time and again. The statute defines "employer" and "employee" and it need not be copied in this opinion. Section 50-902, subsections (a) and (b), T.C.A. Numerous decisions are cited by counsel on the question now before us, to wit, whether or not an injured workman

is an employee or an independent contractor. It would unduly prolong this opinion for us to consider and distinguish each one of these cases. One of the early cases is *Frost v. Blue Ridge Timber Corp.*, 158 Tenn. 18, 11 S.W.2d 860; In *Mayberry v. Bon Air Chemical Co.*, 160 Tenn. 459, 26 S.W.2d 148, 150, it is held:

> "The fact that the employee is paid by the cord instead of by the day does not control the question as to whether the employee was an independent contractor or a servant. *Finley v. Keisling*, 151 Tenn. 464, 270 S.W. 629; *Frost v. Blue Ridge Timber Co.*, 158 Tenn. 18 11 S.W.2d 860."

We think the facts, recited in *Rose & Co. v. Snyder*, 185 Tenn. 499, 206 S.W.2d 897, and final conclusion of the Court is clearly applicable to the case at bar. It supports the ruling of the trial judge. Other cases cited and relied on by Kamarad are *Brady v. Reed*, 186 Tenn. 556, 212 S.W.2d 378; and *Brademeyer v. Chickasaw Bldg. Co.*, 190 Tenn. 239, 229 S.W.2d 323.

The right of Joseph Kamarad to compensation under the statute as for total and permanent disability is sustained. It is admitted that he must live in a wheel chair the balance of his life.

■ The last and concluding assignment of error is that the trial judge committed error in awarding a lump sum rather than a weekly payment as provided by the statute. The question is controlled by Code Section 50-1023, T.C.A., which reads as follows:

> "The amounts of compensation payable periodically hereunder may be commuted to one (1) or more lump sum payments. These may be commuted only with

the consent of the circuit, chancery or criminal court. In making such commutation the lump sum payment shall, in the aggregate, amount to a sum equal to the value of all future instalments of compensation calculated on a six per cent (6%) basis. No settlement or compromise shall be made except on the terms herein provided.

"Certified copies of the pleadings, orders, judgments and decrees, whereby any lump sum payment settlement has been approved by the court shall be forwarded to the division of workmen's compensation, of the department of labor of Tennessee by the employer within ten (10) days after the entry of any final judgment in any such proceeding. The superintendent of the workmen's compensation division, of the department of labor of Tennessee shall have thirty (30) days after the receipt of any such certified copies of such proceedings within which to intervene in said lump sum settlement proceedings to secure a readjustment of the same in accordance with the requirements and provisions of this law, whether court shall have adjourned or not, sec. 50-1024, to the contrary, notwithstanding."

It thus appears from the foregoing Code Section that there may be a lump sum settlement, also that periodic payments may be commuted but only "with the consent of the circuit, chancery or criminal court." In *Ledford v. Johnson City Foundry & Machine Co.*, 169 Tenn. 430, 432, 88 S.W. 2d 804, 805, it was said:

"Any lump sum settlement at a figure less than that indicated is forbidden by the statute. The reasons are apparent. As a further protection for an impecunious

or improvident employee or dependent, no lump sum settlement is permitted except upon consent of the court.''

Agreed settlements *by the parties* for a lump sum payment may be effected, but it cannot be accomplished except with the approval by the court, as provided in 50-1024 and 50-1025, T.C.A. See also Section 50-1026 relating to agreed settlements by consent of the parties.

In the case at bar the trial judge made a total award; it was of course with the consent of the Circuit Court. But not with the consent of the parties; it was in fact over the objection of the employer. In 58 Am.Jur., sec. 548, p. 918, it is said: ''Under some statutes, an award payable in instalments cannot be commuted to a lump sum *without the consent of the parties.''* (Emphasis supplied.) Among the cases cited in the footnote is our case of *Knoxville Knitting Mills Co. v. Galyon,* 148 Tenn. 228, 255 S.W. 41, 43, 30 A.L.R. 976. In this case of *Knoxville Knitting Mills Co. v. Galyon,* ''The trial court, without the consent of the plaintiff in error, held that the defendant in error was entitled to have his compensation commuted to a lump sum, calculated upon a 6 per cent basis.'' The Court held this to be error on the authority of *American Zinc Co. v. Lusk,* 148 Tenn. 220, 255 S.W. 39, holding as follows:

''Workmen's Compensation Act, sec. 36, providing for commutation of payments to a lump sum only with the consent of the circuit court, implies the presentation of an agreed stipulation or order, and hence requires an agreement between the employer and employee as the basis of the consent, negativing any arbitrary or initiatory action on the part of the court.''

The foregoing authorities are conclusive of the question.

We hold therefore that the trial judge was in error in awarding a lump sum recovery. The award of $1,200 for hospital and medical expenses in a lump sum is sustained.

The case is remanded to the Circuit Court for payment of compensation as provided in the statute.