Mrs. Charles Edward WILLIAMS et
al., Appellants,

v.

The TRAVELERS INSURANCE CO.
et al., Appellees.

Supreme Court of Tennessee.

Nov. 24, 1975.

Palmer, Palmer & Jordan, Dyersburg, Howard M. Taradash, Nashville, for appellants.

Russell L. Moore, Jr., Ewell & Farmer, Dyersburg, for appellees.

PER CURIAM.

## OPINION

This case involves controverted claims to workmen's compensation benefits to be paid as the result of the death of Charles Edward Williams on October 25, 1971. Mr. Williams was killed in an accident which arose out of and in the course of his employment by the Jones Construction Company. The original complaint in this cause was filed by Travelers Insurance Company to have the Dyer County Law and Equity Court declare the rights of the several claimants, and possible claimants, to benefits to be paid under the Workmen's Compensation Act. Material to this appeal, the trial judge found:

(1) the defendant Reba Nell Carson Williams was the wife of the deceased employee, was living with him at the time of his death, and was dependent upon him for support;

(2) the defendant Thomas Allen was the stepson of the deceased employee, was living with him at the time of his death, and was dependent upon him for support; and

(3) that the defendant, Reba Fay Williams, was the illegitimate daughter of the deceased employee.

Based on these findings of fact, the trial judge awarded benefits to Reba Nell Carson Williams at the rate of forty-six dollars ($46.00) per week; to Thomas Allen Bingham at the rate of four dollars and fifty cents ($4.50) per week; and to Reba Fay Williams at the rate of four dollars and fifty cents ($4.50) per week. The order of the trial judge also provided that Travelers Insurance Company could pay the benefits in a lump sum commuted according to statute, with Mrs. Williams being entitled to receive $11,532.94, and Thomas Allen Bingham and Reba Fay Williams, each to receive $1,532.91.

Appeals were perfected on behalf of Reba Fay Williams and by Reba Nell Carson Williams. Essentially, Reba Fay Williams takes issue with the trial judge's finding that Mrs. Williams and Thomas Allen Bingham were entitled to receive workmen's compensation benefits, the amount of benefits awarded them, and the holding of the trial judge that the benefits could be paid in a lump sum. In turn, Mrs. Williams takes issue with the finding of the trial judge that Reba Fay Williams is the illegitimate daughter of Charles Edward Williams.

In reviewing issues of fact in a workmen's compensation case, this court reviews the record to determine only if the trial judge's findings are supported by any material evidence. *Gluck Brothers, Inc. v. Breeden,* 215 Tenn. 587, 387 S.W.2d 825 (1965). As pointed out in *General Shale Products Corp. v. Casey,* 202 Tenn. 219, 303 S.W.2d 736 (1957),

"The legislature in enacting the compensation act expressly entrusted the trial court with the power to find the facts and when such facts are supported by

any material evidence, even if this Court thinks the evidence points otherwise, the trial court must be affirmed."

On reviewing the record within the scope of review allowed this court, we find material evidence to sustain the trial judge's awards of benefits under the Workmen's Compensation Act.

■ For the purposes of the workmen's compensation law, a wife living with her husband at the time of his death from an industrial accident within the course and scope of his employment is conclusively presumed to be wholly dependent on her husband for support and is entitled to benefits under the workmen's compensation law. T.C.A. 50–1013(a)(1) and (c)(1). The evidence is that Reba Nell Carson Williams married Charles Edward Williams on August 21, 1971, and was living with him at the time of his death.

■ There is also a conclusive presumption that a minor child of the deceased employee under sixteen years of age is wholly dependent on the deceased employee for support with the sequential result the minor child is entitled to benefits. T.C.A. 50–1013(a)(1) and (c)(1). The presumption applies to illegitimate children on proof of the employee's paternity. *Terry v. Burlington Industries,* 220 Tenn. 668, 423 S.W.2d 476 (1968).

The evidence shows that the child, Reba Fay Williams was born April 3, 1963, in Detroit, Michigan, and was eight years of age at the time Charles Edward Williams was killed. Her natural mother, Clara Frances Bates, was married to Mr. Williams in 1959 and divorced from him on December 9, 1960. Miss Bates married Albert Sterlon Tyce on November 25, 1963. Mrs. Tyce testified that after her divorce from Mr. Williams and before taking up with Mr. Tyce, her sexual activity was limited to one occasion with Mr. Williams in 1962 and that it was at that time Reba Fay was conceived. Another witness testified he saw Mr. Williams asleep in Mrs. Tyce's, then Miss Bates', bedroom at the time testified to by Mrs. Tyce. Out of an abundance of caution, the trial judge ordered Mr. and Mrs. Tyce and Reba Fay to undertake blood grouping tests. The results of the tests were not filed, but there is a statement by the trial judge that the tests showed Mr. Tyce could not possibly be the father of Reba Fay. In our opinion the above, as recounted, is material evidence that Charles Edward Williams was the natural father of Reba Fay Williams.

■ Thomas Allen Bingham, the third claimant awarded benefits by the trial judge, is the stepson of the deceased employee. A stepchild, who is a member of the employee's family and is dependent upon the employee for support, is a dependent child within the ambit of protection of the Workmen's Compensation Act and is entitled to share benefits equally with an actual child of the deceased employee. See T.C.A. 50–1013(a)(3); *Atkins v. Employers Mutual Insurance Co.,* 208 Tenn. 539, 347 S.W.2d 49 (1961); *Cherokee Brick Co. v. Bishop,* 156 Tenn. 168, 299 S.W. 770 (1927). Relationship is not the test, but support and actual dependency of the child. *Atkins v. Employers Mutual Insurance Co., supra; Wilmoth, et al. v. Phoenix Utility Co., et al.,* 168 Tenn. 95, 75 S.W.2d 48 (1934). On the issue of dependency, Mrs. Williams testified that her son lived with her and Mr. Williams and that both she and her son were supported by Mr. Williams. According to Mrs. Williams, her husband gave her his weekly paycheck, except for an amount ranging from $6.00 to $15.00 kept by him to get "things that he would need on the job," and that the money was used by her to pay for necessary support of the family. There is evidence in the record that the natural father of Thomas Bingham is under a court order to pay Mrs. Williams $10.00 per week to be used for the support of Thomas, and that payments were made under the order up to the time Mrs. Williams married

Charles Williams. The record also shows that Thomas Bingham, who was fifteen (15) years of age at the time Mr. Williams was killed, carried a paper route and worked a little at a restaurant, helping clean up. This evidence prompted appellant, Reba Fay Williams, to take the position that Thomas Bingham was not wholly dependent upon Charles Williams for support, but was, at most, only partially dependent. There is no direct evidence that any money earned by Thomas Bingham on his odd jobs was used to provide necessary support for him, nor is there any evidence that his natural father made support payments to Mrs. Williams after her marriage to Mr. Williams. There is direct evidence in the record that Thomas Bingham actually was supported by Mr. Williams, which the trial judge accepted and which is binding on this court on appeal.

■ As to the benefits to be paid the claimants, the Workmen's Compensation Act in force at the time of the employee's death (1971) provides that where the deceased employee leaves a widow and no dependent child, the widow is to receive fifty per cent of the average weekly wages of the deceased, the maximum weekly payment being $55.00 per week. T.C.A. 50–1013(c)(1). The compensation shall be paid during dependency not to exceed the maximum $22,000.00. T.C.A. 50–1013(c)(11). Where the deceased employee leaves a widow and one or more dependent children, the weekly benefits to be paid are increased to sixty-five per cent of the average weekly wages, with the maximum weekly benefit remaining at $55.00 per week and the total maximum payments remaining at $22,-000.00. T.C.A. 50–1013(c)(1) and (c)(11). The order of payment of compensation to dependents is set forth in T.C.A. 50–1013(a)(3) and calls for benefits to be paid to the wife and then the children. In this case the trial judge gave the minor children the fifteen per cent increase in benefit payments called for by the act, and divided the money equally between them, leaving the remainder of the payments to be paid to the wife. We see no basic error in this action.

■ As heretofore noted, in making the awards of compensation benefits, the chancellor provided that Travelers Insurance could pay the benefits in a lump sum commuted according to statute. Under authority of T.C.A. Section 50–1023, workmen's compensation awards can be commuted to lump sum payments only with the consent and approval of the circuit, chancery, or criminal court. This court has declared that this statute necessarily implies an agreed stipulation or order, and hence, requires an agreement between the employer and the employee as the basis of consent. See *Fultz v. Union Carbide Corporation,* 219 Tenn. 345, 409 S.W.2d 541 (1966), and cases there cited. And where the employee is deceased, the agreement to accept a lump sum payment, as commuted, in settlement of statutory benefits must be between the employer and the dependents of the deceased workman.

As pointed out by Mr. Justice Chambliss in *American Zinc Co. v. Lusk,* 148 Tenn. 220, 255 S.W. 39 (1923),

"The act permits commutation only when the court consents. The use of the word 'consent' implies the precedent presentation of an agreed stipulation or order. It negatives the idea of arbitrary or initiatory action on the part of the court. And the language of the last sentence of the section, 'no settlement or compromise shall be made except, etc.,' supports this construction, clearly implying that the commutation thus provided for shall be made pursuant only to a 'settlement or compromise,' terms inconsistent with *ex parte* or forcible procedure".

■ Here, we have no agreement or compromise as Reba Fay Williams consistently has refused to accept a commuted payment, pointing out that there is a good possibility under the statute that she will eventually receive much larger benefits if they are paid weekly. See T.C.A. 50–1013(c)(4) which provides for increased payments to a

child under eighteen on the death or remarriage of the wife of a deceased workman. Absent this consent, the trial judge was in error in approving payment of the death benefits in a lump sum.

The judgment of the trial court is affirmed except for the giving of consent to and approving the payment of benefits due the successful claimants in a lump sum as commuted, and that part of the judgment is reversed. Mrs. Charles F. (Reba Nell Carson) Williams and her surety will pay two-thirds of the costs of the appeal and Reba Fay Williams and her surety will pay one-third of the costs.