Teodoro VALLES, Plaintiff-Appellee,

v.

DANIEL CONSTRUCTION COMPANY, and Aetna Life & Casualty Insurance Company, Defendants-Appellants.

Supreme Court of Tennessee.

Nov. 26, 1979.

R. Jan Jennings, Branstetter, Moody & Kilgore, Nashville, for defendants-appellants.

Jack M. Rudolph, Clarksville, for plaintiff-appellee.

## OPINION

HENRY, Justice.

The sole question in this workmen's compensation action is whether the Trial Judge, in a suit wherein the employer and the insurance carrier are named defendants, may order payment on a commuted lump sum basis, upon the agreement of the employer, but over the objection of the insurance carrier. We respond in the negative.

Section 50–1023, T.C.A., as it stood on February 21, 1979, the date of the order,[1] provided, in pertinent part:

> The amounts of compensation payable periodically hereunder may be commuted to one or more lump sum payments. These may be commuted only with the consent of the [court].

We have held that this statute contemplates an agreed stipulation or order showing the joint assent of the employer and employee, *American Zinc Co. v. Lusk*, 148 Tenn. 220, 255 S.W. 39 (1923); that a lump sum settlement may not be ordered over the objection of the employer, *Kamarad v. Parkes*, 201 Tenn. 566, 300 S.W.2d 922 (1957); and have recognized that lump sum awards are an exception to the general purpose of our workmen's compensation

laws to provide weekly payments or as nearly as may be to the manner in which the employee is accustomed to receiving his wages. *Reece v. York*, 199 Tenn. 592, 288 S.W.2d 448 (1956).

It is of some significance that the word "employer" is defined so as to "include his insurer." Section 50–902(a), T.C.A. Both the employer and the insurer are parties defendant to this suit.

The record in this case shows that the Trial Judge made a lump sum award on the basis of his finding that the answers of the employer to certain interrogatories "constitute an agreement between the employer and employee that all benefits hereunder should be paid in a lump sum." The appellant insurance carrier does not question this finding, but contends that it is not bound by the agreement and it may not be compelled to make lump sum payments without its consent.

We agree.

The general theory underlying the workmen's compensation statutes is to provide for periodical payments, as a substitution for the regular income theretofore earned. When Section 50–1023, T.C.A. (Section 36, Chapter 123, Acts of 1919), first came before this Court in *American Zinc Co., supra*, the Court recognized this policy consideration and held that the statute contemplated the precedent "presentation of an agreed stipulation or order," and held that the provisions of our Workmen's Compensation Act are "inconsistent with a right in either party to enforce commutation by court order over the objection of the other." 148 Tenn. at 226–27, 255 S.W. at 41.

In *Ledford v. Johnson City Foundry & Machine Co.*, 169 Tenn. 430, 88 S.W.2d 804 (1935), the Court noted that "[a]s a further

1. This section was amended, Chapter 295, Public Acts of 1979, effective July 1, 1979, and now provides that "[n]o agreed stipulation or order or any agreement by the employer and employee or any other party to the proceeding shall be a prerequisite to the court's approval or disap-

proval of the award being paid in one or more lump sum payments." We cannot apply this statute retroactively. *Royal Indemnity Company v. Futtrell*, 585 S.W.2d 583 (Tenn.1979); *Liberty Mutual Ins. Co. v. Starnes*, 563 S.W.2d 178 (Tenn.1978).

protection for an impecunious or improvident employee or dependent, no lump settlement is permitted except upon consent of the court." 169 Tenn. at 432, 88 S.W.2d at 805.

In *Kamarad v. Parkes*, 201 Tenn. 566, 300 S.W.2d 922 (1957), the Court spoke in terms of "[a]greed settlements *by the parties*" and reversed a lump sum award made "*without the consent of the parties.*"

This line of cases was again upheld in *Fultz v. Union Carbide Corp.*, 219 Tenn. 345, 409 S.W.2d 541 (1966). Lastly, this Court in *Williams v. Travelers Insurance Co.*, 530 S.W.2d 283 (Tenn.1975), invalidated a lump sum award made in a suit brought by an insurance carrier, where one of the parties defendant objected.

We find no case specifically holding that in a suit wherein the employer and the insurance carrier are both named as insured, an agreement between the employee and the employer is insufficient to bind the insurer.

We think, however, that such a holding necessarily inheres in and follows from the rationale of the cases we have cited. Lump sum awards are authorized as an exception to the general statutory purpose and payment scheme. They should only be permitted with a cautious regard for the welfare of the injured workman or his dependents and pursuant to a judicial determination that his, or their, best interests will be served thereby. In all events, the statutory interpretation given by this Court since the inception of the Workmen's Compensation Act must be controlling. We do not consider a departure therefrom to be in the public interest.

We hold that a lump sum award may not be adjudged under Section 50–1023, T.C.A., as it existed prior to July 1, 1979, without the agreement of both the employer and the insurance carrier in any suit or action wherein both are named parties defendant.

Reversed and remanded.

BROCK, C. J., and FONES, COOPER and HARBISON, JJ., concur.