**Judy LOVELL, Plaintiff-Appellee,**

v.

**NASHVILLE ELECTRIC SERVICE, Defendants-Appellants.**

Supreme Court of Tennessee, at Nashville.

June 29, 1987.

William C. Moody, John L. Whitfield, Jr., Nashville, for defendants-appellants.

Robert L. DeLaney, Passino DeLaney & Hilderbrand, for plaintiff-appellee.

OPINION

THOMAS A. GREER, Jr., Special Justice.

This workers' compensation suit was previously before this court upon several issues, one of which is the subject of this appeal. The opinion is published in *Lovell v. Metropolitan Government,* 696 S.W.2d 2 (1985).

Nashville Electric Service has two (2) kinds of disability programs for the benefit of its employees. Both are funded by NES. One is service connected and the employee is compensated for the actual impairment to the body as a whole in the same fashion as is provided for in the workers' compensation law but the temporary total benefits exceeds somewhat the benefits required by law. The other type of disability program relates to injuries arising out of non-work related incidents. Ms. Lovell sustained only one injury which is the subject of this suit. This injury has been adjudged and determined in this suit to have been work related and within the workers' compensation law.

For this injury she applied for and was awarded benefits under the non-work related disability program. Later she sued for workers' compensation benefits for the same injury claiming the injury was work related. The trial court found this injury to be work related and awarded workers' compensation benefits in addition to the non-work related benefits voluntarily paid. This court sustained the trial court's decision that the injury was work related but reversed its denial of a set-off for the benefits paid under the non-work related benefits. The case was remanded to the trial court to determine the amount of the benefits paid to be set-off against the workers' compensation award. The medical benefits paid under the non-work related program were excluded as an item to be deducted because no claim was made for those benefits in this suit.

The Chancellor allowed a set-off to the full extent of the temporary total benefits but declined to set off the balance remaining against the partial permanent disability benefits allowed. The refusal to set-off the balance against the partial permanent disability awarded is the issue before this court. The only material distinction between the facts in this case and those in *Allen v. Consolidated Aluminum Corp., Tenn.*, 688 S.W.2d 64 (1985) is that in *Allen* the specific provision in the contract provided any benefits paid under the disability plan were to be set-off against any workers' compensation payments due the employee for the same time period. In *Lovell v. Metropolitan Government* this court specifically noticed this difference but adopted and quoted the rationale supporting the rule announced in *Allen* as being applicable to the case at bar. This court therein said:

"Although in this case there is no evidence of a contractual provision relating to set-off, the considerations underlying the decision in *Allen*, reflected in the text quoted above, apply in the instant case. In both this case and *Allen*, the employer was self-insured. If an employer is not allowed a set-off against workers' compensation judgment for benefits paid by it under self-funded disability plans, the hardship to the employee which we sought to prevent in *Allen* would result". 696 S.W.2d 5.

Appellee cites several cases from other jurisdiction in an attempt to distinguish or ignore the plain ruling in this case on the previous appeal. All of these cases were resolved upon facts not present here. Ms. Lovell applied for and received benefits under a provision for non-service connected injury when the injury was work related. In *Koehring-Southern & Amer. Mut. Ins. Co. v. Burnett*, 464 S.W.2d 820 (1970), the court refused to apply the principles of either estoppel or election of remedies under facts similar to those now before the court, but indicated such a defense was available to a proper party.

The common denominator between this suit and *Allen* is "money", paid or adjudged, not the period during which Ms. Lovell was temporary totally disabled. The amount paid under the non-work related claim is known and the total amount due or to become due under the workers' compensation, both temporary and permanent, is known.

All of the reasons previously articulated to support a set-off of the total amount paid under the nonwork related claim ex-

cept medical benefits are applicable here and should be set-off from the total workers' compensation award.

This case is before the court on a stipulation of fact which includes no fixed amount of the balance of the overpayment on the non-work related benefit claim. The judgment of the trial court is reversed and the case remanded for a calculation of the amount of credit to be set-off and for a redetermination of the amount of compensation due the appellee.

BROCK, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.