**Jeffrey L. CANTRELL,<br>Plaintiff/Appellee,**

**v.**

**The ELECTRIC POWER BOARD d/b/a<br>Nashville Electric Service,<br>Defendant/Appellant.**

Supreme Court of Tennessee,<br>at Nashville.

May 20, 1991.

Barbara J. Moss, Nashville, for defendant/appellant.

Phillip E. Kirk, Nashville, for plaintiff/appellee.

OPINION

ANDERSON, Justice.

In this worker's compensation action, the Chancellor awarded the employee permanent partial disability benefits, and denied a set-off to the employer for supplemental short-term disability benefits previously paid by a company-funded disability plan. The employer appeals, contending that the Chancellor erred in refusing to grant the set-off. For the reasons set out below, we affirm the Chancellor's judgment.

The plaintiff, Jeffery L. Cantrell, age 32, had been employed for eleven years at the time of trial by the Electric Power Board of the Metropolitan Government of Nashville and Davidson County, d/b/a Nashville Electric Service ("NES"), as a mechanic. On March 6, 1987, the plaintiff sustained an injury in the course of his employment when he came into contact with Shell IV hydraulic fluid, which caused severe dermatitis on his hands and lower arms. As a result of that dermatitis and its complications, the plaintiff missed 177.5 days of work. When he returned to work in De-

cember of 1987, he was transferred to the meter department at a lower rate of pay, because of restrictions placed upon his exposure to oil and grease associated with his former duties as a mechanic. His treating physician, Dr. Harwell, fixed his permanent partial disability at 35 percent to the body as a whole.

Pursuant to the terms of a disability plan funded entirely by NES, the plaintiff was paid short-term disability benefits in an amount equal to his full salary for the work days missed. These disability plan benefits totaled $17,982.00. Under the workers' compensation law, plaintiff would have been entitled to $6,709.00 in temporary total disability benefits based on his rate of pay and the period of disability.

The plaintiff filed an action against NES seeking permanent partial disability benefits only. At trial, the Chancellor awarded permanent partial disability benefits, calculated at 35 percent to the body as a whole. Although the disability plan is silent about any right of set-off, NES argued that it was entitled to a set-off against permanent partial disability benefits in the amount of $11,273.00, which represented the difference between the amount it paid under its employer-funded disability plan, and the amount the employee would have received under workers' compensation law in temporary total disability benefits. The Chancellor held the employer was not entitled to a set-off, because its payments in excess of its obligation for workers' compensation benefits were voluntary.

The sole issue before the Court is whether NES is entitled to a set-off equal to the excess of short-term supplemental disability benefits paid pursuant to its employer-funded disability plan, over its workers' compensation statutory liability for temporary total benefits, against a workers' compensation award of permanent partial disability benefits.

Coincidentally, in a prior case involving the same employer and the same disability plan, *Lovell v. Metropolitan Government* (*"Lovell I"*), 696 S.W.2d 2 (Tenn.1985), despite the fact that there was no set-off provision in the employer-funded disability plan, we held that NES was entitled to a set-off of excess short-term disability payments, against its statutory liability for temporary total disability benefits. We reasoned that the set-off was necessary to encourage employers to make prompt payments of benefits. In an effort to relieve employees of the hardship of potential employer-delay, we restricted the parties' freedom to contract for the payment of supplemental disability benefits without provision for set-off. On remand for determination of the appropriate amount of the set-off, NES argued that it was entitled to a judicially-imposed set-off, not only against its statutory liability for temporary total disability benefits, but also against its statutory liability for permanent disability benefits. The case returned to us, styled *Lovell v. Nashville Electric Service* (*"Lovell II"*), 733 S.W.2d 876 (Tenn.1987), raising the same issue as the present case. In *Lovell II*, we extended the "employer-delay" rationale to dispose of this question, by holding that excess temporary disability payments made pursuant to an employer-funded disability plan must be set off against permanent disability benefits due under the Workers' Compensation Act. For the reasons set out below, we now believe that the result reached in *Lovell II* was wrong, and therefore, that case must be overruled.

In *Simpson v. Frontier Community Credit Union*, 810 S.W.2d 147 (Tenn.1991), we considered the "employer-delay" rationale, and found it unpersuasive in the context of an employer-funded supplemental disability plan which contained no set-off provision. We held:

> Because we now recognize that the intentions and expectations of the parties as expressed in the employer-funded disability plan contract should control, to the extent *Lovell v. Metropolitan Government* (*Lovell I*), 696 S.W.2d 2, requires judicial imposition of a set-off where the parties have not so agreed, that case is overruled.

*Id.,* 810 S.W.2d at 152.

Once again, we find the employer-delay rationale unpersuasive. In the absence of a set-off provision in the disability plan, the

employee has a contractual right to supplemental short-term disability benefits pursuant to the employer-funded plan, and a statutory right to permanent disability benefits pursuant to the Workers' Compensation Act. Because enforcement of the expectations of the parties as expressed in the disability plan contract will in no way encourage employers to delay payment of either benefit, we could overrule *Lovell II* and base our holding on the rationale that, as in *Simpson,* the intention of the parties should control. Unlike the issue of set-off of short-term disability plan benefits against temporary disability benefits which we considered in *Simpson* and *Lovell I,* however, the set-off of excess payments of *short-term* benefits against *permanent* disability benefits implicates certain fundamental public policy concerns. These concerns prompt us to hold that no set-off of short-term disability plan benefits against statutory permanent disability benefits may be imposed, regardless of the provisions of the employer-funded disability plan.

First, in *Lovell II,* we failed to consider the different purposes underlying temporary total disability and permanent disability benefits, as provided by the Workers' Compensation Act. Temporary total disability benefits are designed to sustain the employee until maximum medical recovery is reached. Permanent disability benefits are designed to compensate the employee for loss of future earning capacity.

Tennessee Code Annotated, § 50-6-207 (Supp.1990), classifies compensable disabilities into four distinct categories: "(1) Temporary Total Disability; (2) Temporary Partial Disability; (3) Permanent Partial Disability; and (4) Permanent Total Disability." We have consistently held that:

> Each of these four kinds of disability is separate and distinct, and is separately compensated for by different methods provided by the several sub-sections of [the statute]; and each of such provisions is independent and unrelated....
>
> ....
>
> The period of temporary total disability is the healing period or the time during which the workman is wholly disabled and unable by reason of his injury to work. It is, therefore, *a separate and unitary period of compensation,* and as such *is distinguished from a permanent partial disability....*
>
> Temporary, as distinguished from permanent disability, under the Workmen's Compensation Act, is a condition that exists until the injured workman is as far restored as the permanent character of the injuries will permit....
>
> Under our statute, compensations may be allowed an employee both for "(a) temporary total disability" and "(c) permanent partial disability" as a result of the same injury; and *one is not to be deducted from or credited on the other....*
>
> And it seems equally clear that, under the separate provisions of our statute, ... compensations may likewise be allowed for "(a) temporary total disability" and "(d) permanent total disability" as a result of the same injury.

*Redmond v. McMinn County,* 209 Tenn. 463, 354 S.W.2d 435, 437–38 (1962) (emphasis added) (citations omitted). In *Jones v. Crenshaw,* 645 S.W.2d 238 (Tenn.1983), we reaffirmed the holding of *Redmond,* "with the modification that the total liability of the employer for temporary total disability and permanent total disability is limited to the maximum specified in T.C.A. § 50-1005(b) (now T.C.A. § 50-6-102(a)(7))." *Id.* at 242.

The practical differences between temporary total and permanent disability benefits were recognized by the parties in *Allen v. Consolidated Aluminum Corp.,* 688 S.W.2d 64 (Tenn.1985); for "the terms of both disability plans expressly [provided] that benefits paid thereunder are to be offset against any workers' compensation benefits due appellant *for the same disability and for the same period of time.*" *Id.* at 67 (emphasis added). Since no overriding public policy was offended by the contractual set-off provision, we held that the employer's contractual right of set-off was enforceable.

In comparison, in both *Lovell II* and in this case, NES sought to off-set monies paid for one period of time (the period of short-term, temporary disability) against its statutory workers' compensation liability for an entirely different period of time (the period of permanent disability).

A second and related matter of public policy implicated by the set-off of short-term disability plan benefits against statutory permanent disability benefits, is the propriety of commutation of permanent disability benefits to a lump sum. Tennessee Code Annotated, § 50–6–229(a) states factors to be considered when determining whether commutation of permanent disability benefits to a lump sum payment is appropriate:

> In determining whether to commute an award, the trial court shall consider whether the commutation will be in the *best interest of the employee*, and such court shall also consider the *ability of the employee wisely to manage* and control the commuted award irrespective of whether there exists special needs.

(Emphasis added.) In construing this statute, we have held:

> The general purpose of the Tennessee Workers' Compensation Act is to provide injured workers with periodic payments "as a substitute, and in a manner consistent with, the employee's regular wage." ... Lump-sum awards of workers' compensation benefits are an exception to this purpose....

*Williams v. Delvan Delta, Inc.*, 753 S.W.2d 344, 349 (Tenn.1988) (citation omitted).

Moreover, we have held that, as an exception to the general statutory purpose, commutations are not to be awarded as a matter of course, *Valles v. Daniel Construction Co.*, 589 S.W.2d 911 (Tenn.1979):

> Lump sum awards ... should only be permitted with a cautious regard for the welfare of the injured workman or his dependents and *pursuant to a judicial determination* that his, or their, best interests will be served thereby. In all events, the statutory interpretation given by this Court since the inception of the Workmen's Compensation Act must be

controlling. We do not consider a departure therefrom to be in the public interest.

*Id.* at 913 (emphasis added).

Because a set-off of previously paid excess supplemental short-term disability benefits against statutory workers' compensation permanent disability benefits necessarily amounts to a commutation of all or part of a permanent disability award, without a judicial determination that the commutation is in the best interests of the employee, it is clear that such a set-off, regardless of the provisions of the employer-funded disability plan contract, is not in the public interest.

Finally, the General Assembly has clearly expressed the public policy of the state with regard to this issue. Tennessee Code Annotated, § 50–6–114 provides in the broadest terms:

> *No contract* or agreement, written or implied, *nor rule,* regulation, or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this law.

(Emphasis added.) We now recognize that a judicially-imposed set-off of excess payments of short-term disability benefits is a "rule" which operates to relieve the employer of statutory liability for permanent disability benefits, in violation of this statute.

In *Simpson v. Frontier Community Credit Union, supra,* 810 S.W.2d 147 (Tenn.1991), we held that where

> [n]o public policy or statute is offended by the provision of supplemental disability benefits by employers, ... the parties should be free to contract for the payment of supplemental disability benefits in excess of the statutory requirements, with the condition that the employer is entitled to a set-off.... As with any contract, the intent of the parties as expressed in the language of the agreement controls, *so long as no fundamental public policy is offended.*

*Id.,* 810 S.W.2d at 152 (emphasis added).

Tennessee Code Annotated, § 50–6–114, expresses just such a fundamental public

policy, and we hold that the broad terms of that statute prohibit enforcement of provisions of disability plans or other contracts which purport to permit employers to set off excess supplemental payments of short-term disability benefits against the employer's statutory liability for permanent disability benefits.

For the foregoing reasons, to the extent that *Lovell v. Nashville Electric Service,* 733 S.W.2d 876 (Tenn.1987), permits employers to set off excess supplemental payments of short-term disability benefits made pursuant to an employer-funded disability plan against the employer's statutory liability for permanent disability benefits, that case is overruled.

Because we have held that contract provisions purporting to permit a set-off of excess supplemental short-term disability benefits against statutory workers' compensation permanent disability benefits are unenforceable, and that Tenn.Code Ann. § 50–6–114 prohibits similar judicially-imposed set-offs, it follows that NES, regardless of the provisions of its disability plan, is not entitled to a set-off.

Consequently, the Chancellor's judgment denying the employer a set-off is affirmed, the motion for frivolous appeal is denied, and the case is remanded for entry of a judgment consistent with this opinion. Costs of the appeal are taxed to the defendant/employer, Nashville Electric Service.

REID, C.J., and DROWOTA, O'BRIEN and DAUGHTREY, JJ., concur.