GRACE COLLINS *v.* BRIER HILL COLLIERIES.

(*Nashville.* December Term, 1928.)

Opinion filed February 9, 1929.

WORTH BRYANT and G. C. WHITTAKER, for plaintiff in error.

J. T. WHEELER and C. J. CULLOM, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

The circuit court dismissed plaintiff's suit for compensation for the death of her husband, and she has appealed in error.

Plaintiff's motion for a new trial was directed only at the sufficiency of the evidence to sustain the judgment denying the award. The evidence was not preserved by bill of exceptions, and plaintiff's claim must be tested by the written finding of facts made a part of the record by the learned trial judge.

The Workmen's Compensation Statute (Acts 1919, chapter 123, section 10), excludes from its application an injury or death "due to the employee's wilful misconduct."

The judgment of the circuit court was grounded upon the finding of the trial judge that the deceased employee came to his death as the result of his wilful disobedience to the orders and instructions of his foreman, and that his wilful disobedience amounted to wilful misconduct, preventing an award of compensation to his widow.

In *Kingsport Inc.* v. *Sheffey,* 156 Tenn., 150, this court held that the employee's violation of instructions with regard to his conduct within the sphere of his employment, amounting to a mere disregard of an order, neither wilful nor deliberate, does not amount to the "wilful misconduct" contemplated by section 10 of the compensation statute. The facts to which the holding of the court was applied, in the case cited, were that the employee used an instrument or machine contrary to instructions, and was injured, but that the instructions not

to use the machine were not because of any apprehension that it would be dangerous to do so.

In *Leonard* v. *Cranberry Furnace Co.*, 150 Tenn., 346, it was held that "when the workman is within the scope of his employment, disobedience does not become 'wilful misconduct' if a mere disregard of an order; that it must be wilful, deliberate, not merely a thoughtless act on the spur of the moment."

*(1)* We hold the converse of this proposition to be true; that wilful and deliberate disobedience of an order of the employer, intended and designed to safeguard and protect the employee from danger, does amount to "wilful misconduct" on the part of the employee, which will prevent an award of compensation for injury or death resulting from such wilful and deliberate disobedience, under the provisions of section 10 of the compensation statute. *N. C. & St. L. Ry.* v. *Coleman*, 151 Tenn., 443; *Nashville, C. & St. L. Ry.* v. *Wright*, 147 Tenn., 619; *Knoxville Power & Light Co.* v. *Barnes*, 156 Tenn., 184.

A. C. Collins, husband of the plaintiff, was an experienced miner, and was killed while at work in a coal mine operated by the defendant. At the time of his death Collins was loading coal in a mine car, when a piece of slate or rock, weighing about 1500 pounds, "fell from the roof or top over him" and crushed him. This large rock had been exposed or loosened by a charge of dynamite on the night before. About thirty minutes before the accident, the mine foreman had directed Collin's attention to this rock; had shown him a seam or opening, which was visible, in the rock; and had instructed Collins: "that it was a bad rock, and don't get under it, and I told Collins to take it down, and not to try to timber it."

The trial judge refers in his written finding of facts to the testimony of the mine superintendent that he heard the foreman tell Collins "to take the rock down or make it safe."

The contention of the plaintiff, based upon this testimony, is that, after Collins had received his instructions, he expressed the opinion that the "timbers" would hold the rock, and then went under it; that the testimony referred to by the trial judge in his finding of facts, that timbers for supporting the roof were available, and that such a timber was found underneath the rock after it had fallen, warrants the inference that Collins, in the exercise of his own judgment, had undertaken to support the rock with the timber, and had then proceeded with his work of loading coal, in the belief that he had made the rock safe. It is contended that such action was in substantial compliance with the instructions given to Collins "to take the rock down or make it safe."

As we construe the written finding of facts, however, the trial judge found that the testimony of the superintendent, that Collins was told to remove the rock "or make it safe," was against the weight of the evidence; the foreman being corroborated by another witness who was present and heard the instructions given to Collins. The trial judge refers to this witness as stating that Collins was instructed "that it was a very dangerous rock, to be sure to take it down, and the admonition not to work under it."

The following excerpts from the finding of facts state the conclusions of the trial judge:

"The court finds that . . . the deceased was ordered by Pat Gibson, foreman in charge, to pull the rock or take it down and not work under it, that the rock was

dangerous, and ordered the deceased to take it down before taking the coal, and that it was a bad rock and not to get under it."

"It is said by these witnesses that the usual way to get a rock down which is found to be loose is simply to take a pick and pry it loose, and those things were there present, and in disobedience to the orders of the foreman and those in charge, this deceased young man went on and went under and proceeded to load coal, contrary to the instruction."

"It was the rule in mining when a rock developed to be unsafe it was required to be removed by men engaged in mining the coal."

"Wilful misconduct means something more than negligence, and that is what the court finds in this case, if a simple question of negligence I think this man clearly entitled to compensation, but in this case, here are these men affirmatively directing this man not to work under the rock, and not to take coal out, until the rock is taken down, and thus wilfully disobeyed the order of his foreman."

"Now evidently, this deceased man, Carson Collins, acted upon his own judgment, over the positive instruction of his foreman and those in charge of the work. In other words he substituted his own judgment about the matter for his employer's rule and direction, and set aside that rule in favor of his own motion."

"In this particular case at bar here, the defendant company with its agents at the place of danger, sounding this rock with a pick, and affirmatively stating to this man not to go under it until the rock is removed, and not to load out the coal."

In the face of the language of the finding of facts above quoted, we cannot accept the contention of learned counsel for plaintiff that Collins was instructed only to remove the rock "or make it safe." The trial judge clearly found that Collins was instructed not to work under the rock at all, and that he disregarded this positive instruction in favor of his own belief that he could proceed with safety.

The trial judge further found that if Collins had removed the rock from the roof, by prying it out, as he was instructed to do, he would also have been required to remove the rock from the coal, which would have meant more work for him, on which account the trial judge concluded that Collins decided to take a chance on getting the coal out before prying loose the rock. The facts found by the trial judge thus show a wilful and deliberate disobedience of orders designed to protect the safety of the employee, and that the employee disregarded the orders of his foreman in order to serve his own interests, by avoiding the necessity of additional work. The facts so found abundantly sustain the conclusion of the trial judge that the wilful disobedience of Collins amount to wilful misconduct, and that no award of compensation for his death could be made under the statute.

The judgment of the circuit court will accordingly be affirmed, at the cost of plaintiff in error.