Winters *v.* Hunt *et al.*

(*Knoxville,* September Term, 1951.)

Opinion filed December 14, 1951.

GRAHAM & VANDERVEER, of Chattanooga, for plaintiff.

BUCHANAN & GRANT, of Chattanooga, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a proceeding brought by the dependents of a deceased employee against the employer to have set aside and vacated an order approving a lump sum settlement of compensation claim of the dependents and to secure a judgment against the employer for the benefits provided for such dependents by the Workmen's Compensation Law of this state. The trial judge dismissed the petition.

The deceased lost his life in an accident arising out of and in the course of his employment. The defendants contended that the deceased ignored the safety rules of his employer and specific instructions in regard to timbering the mine shafts, particularly of the place where the rock fell on the deceased. *Collins* v. *Brier Hill Collieries,* 158 Tenn. 317, 13 S. W. (2d) 332; *Knoxville Power & Light Co.* v. *Barnes,* 156 Tenn. 184, 299 S. W. 772; *Nashville, C. & St. L. Ry.* v. *Coleman,* 151 Tenn. 443, 269 S. W. 919.

The defendants also contended that deceased was intoxicated on the day he met with the accident and accordingly was not entitled to compensation under Williams' Code, Section 6861.

On April 13, 1950 Rosa Lee Winters, for herself as widow and for the use and benefit of Ronald Keith Winters as the dependent son of Ragon Winters, the deceased employee, filed a petition in the Circuit Court of Hamilton County against the employer. Said petition alleges that on March 25, 1950, the petitioner and the

defendants filed a petition in said court seeking an order approving a lump sum settlement of the claim of the petitioner under the Workmen's Compensation Act for the death of her husband; that on March 25, 1950 said court entered an order approving a lump sum settlement of $3,000, plus ambulance and medical expenses and court costs. Thereafter, petitioner filed a petition in the Circuit Court of Hamilton County setting up that petitioner was entitled to more than the $3,000 as above set out. The defendants filed an answer and the Circuit Judge heard the testimony of witnesses for both parties in open court and it resulted that the petition was dismissed. This appeal resulted.

The petitioner insisted that the Circuit Court under the provisions of the Workmen's Compensation Act was without authority to approve a settlement unless it was in amount substantially that provided by the act.

This Court, in construing the Act of 1919, in *Mangrum* v. *Aetna Life Insurance Company,* 153 Tenn. 209, 212, 280 S. W. 1011, 1012, said:

"For the petitioner it is argued that the law favors agreements made by the parties, and that the provision of the act requiring the agreement to be approved by the court was inserted for the purpose of protecting the claimant against imposition and fraud, and that, where no fraud or imposition has been practiced upon the claimant, it is the duty of the trial court to approve the agreement, regardless of whether the amount stipulated is more than that provided in the act.

"While that position is plausible, it does not, as a whole, accord with the spirit of the act, which is to award compensation as specifically provided therein; that is, for a certain injury award the sum which the act provides for that injury.

"We agree with counsel that one of the objects of Section 27 was to protect claimants from fraud and imposition, but a further object was to see that the act was administered according to its terms and conditions, so as to do justice between the parties, under the law, just as in any other case.

"It was not contemplated by the act that a sum either greater or less than that provided therein should be, approved and decreed by the court; but, where the act provides a specified sum for a particular injury, that sum only should be awarded claimant.

"The Workmen's Compensation Act, as a whole, contemplates a simple and inexpensive plan by which the parties, independent of counsel, can agree upon a settlement conformable to the provisions of the act; and, to effectuate this object, it is provided that such agreement shall have the approval of the court. Without such approval the agreement is not binding upon either party.

"The attitude of the court, in such matters, is well stated by Mr. Snyder in his Treatise on Workmen's Compensation Law, vol. 2, p. 1270, as follows:

" 'Amicable settlements, between the employer and the employee, of claims arising under the Compensation Act are looked upon with favor both in England and in this country, when such settlements comply strictly with the provisions of the statute and are open and fair to both parties.' "

Later, in *Ledford* v. *Johnson City Foundry & Machine Co.,* 169 Tenn. 430, 88 S. W. (2d) 804, 805, the Court said:

"That is to say, the employer and employee are disabled from making a settlement except upon the statutory terms. The law is that a judgment or decree affecting the rights of persons under disability, entered by consent of the representatives of those persons, is voidable and

will be set aside if found prejudicial to the interests of such parties. *Glasscock* v. *Tate,* 107 Tenn. 486, 64 S. W. 715; *Milly* v. *Harrison,* 47 Tenn. (7 Cold.) 191; *Allen* v. *McCullough,* 49 Tenn. (2 Heisk.) 174, 5 Am. Rep., 27.''

By Chapter 139, Public Acts of 1947, Code, Section 6877, the courts were expressly forbidden from approving a settlement that does not secure to the employee in a substantial manner the benefits of the Workmen's Compensation Law.

It can hardly be said that $3,000 was a substantial compromise with the benefits provided by the act as amended. This being true, the Circuit Judge was without authority to approve the settlement in question.

It results that the judgment of the lower court must be reversed and the case remanded for further proceedings consistent with this opinion.