WRIGHT *v.* GERST BREWING CO., INC. *et al.*

*(Nashville,* December Term, 1952.)

Opinion filed April 25, 1953.

R. H. BRAZZELL and CLAUDE W. CALLICOTT, both of Nashville, for plaintiff.

CATE & CATE, of Nashville, for defendants.

Mr. Justice Prewitt delivered the opinion of the Court.

This is an appeal in error from the Circuit Court dismissing a petition filed by Wright, seeking to have the court set aside an order made on May 8, 1952 approving a settlement made by the parties and to set the matter for a hearing on the claim for additional benefits.

On May 8, 1952 the parties hereto, petitioner Wright and defendants Gerst Brewing Company and Pacific Employers Insurance Company, filed a joint petition for the approval by the Circuit Court of Davidson County of a settlement agreement entered into by said parties under Chapter 123, Public Acts of Tennessee of 1919, as amended, commonly known as the Workmen's Compensation Act. After a full hearing, the Circuit Court entered an order approving the settlement.

Within the time prescribed by law, the petitioner Wright filed a petition seeking to have the court set aside said settlement and to set the matter for hearing on a claim for additional benefits. The defendants answered, and a full hearing was had on October 6, 1952, when the trial judge dismissed the petition.

This action is prosecuted under authority of Section 6877 of Williams' Tennessee Code Annotated, as appears in the 1952 Cumulative Pocket Supplement to Volume IV of said Code, to-wit:

"6877. Settlement by the parties to be approved by the court; cost to be borne by employer.—The interested parties shall have the right to settle all mat-

ters of compensation between themselves, but all settlements, before the same are binding on either party, shall be reduced to writing and shall be approved by the judge of the circuit court or of the chancery court or criminal court of the county where the claim of compensation is entitled to be made. It shall be the duty of the judge of the circuit court or of the chancery court or criminal court to whom any proposed settlement shall be presented for approval under this act, to examine the same to determine whether the employee is receiving, substantially, the benefits provided by the workmen's compensation act. To this end he may call and examine witnesses. Upon such settlement being approved, judgment shall be rendered thereon by the court and duly entered by the clerk. The cost of the proceeding, which is hereby exempted from liability for privilege taxes, shall be borne by the employer. Certified copies of all papers, orders, judgments and decrees filed or entered by the court upon the approval of such settlement together with a copy of the settlement agreement shall be forwarded to the division of workmen's compensation of the department of labor by the employer within ten (10) days after the entry of the judgment. Provided, further, that if it shall appear that any settlement approved by the court does not secure to the employee in a substantial manner the benefits of the workmen's compensation law, the same may, in the discretion of the trial judge, be set aside at any time within thirty (30) days after the receipt of such papers by the division of workmen's compensation, * * * of the department of labor of Tennessee in his behalf, whether court has adjourned in the mean-

time or not, notwithstanding section 6891 to the contrary.''

It appears that in the settlement agreement, the parties represented that on November 30, 1951 Wright was injured in an accident arising out of and in the course of his employment when he struck his leg on a stack of cases of beer on a truck; that in said accident, the employee sustained injuries, to-wit: bruised and lacerated leg— and that as a result of said injury, said employee became entitled to certain benefits under the Workmen's Compensation Act, Williams' Code, Sec. 6851 et seq., in the total sum of $174 and also $139 for hospital and medical bills. It appears that in this settlement, the court had before him a statement of Dr. Ballard that he had been treated for various ulcers since about 1935 or 1936; that petitioner refused to wear an elastic stocking which would have prevented a flareup of his trouble. It further appears that after this trouble in 1935 or 1936, any slight abrasion would cause the leg of the petitioner to become sore for several days. Dr. Pollard testified that the petitioner had been a patient of his since November 30, 1941 and that the injured limb was in just as good condition now—that is, May 6, 1952—as it was prior to the accident in November, 1951. It appears in the present case that the trial court personally examined the leg of the petitioner.

The Circuit Judge found:

''I have heard the testimony here at this hearing for a reopening. I have seen and observed the claimant's leg presently. I have seen and observed it beforehand. There is nothing before me that I feel like would be justified in reopening this case for further consideration. So let the petition be dismissed.''

So it appears that the petitioner was fully paid for the injury received by him in November, 1951 and that his wound had completely healed when the settlement was made and that his leg was in just as good condition as it was before it was injured in November, 1951. These facts appear from the medical testimony.

 In a compensation case the findings of fact by the trial judge will not be disturbed if sustained by any material evidence. *McBrayer* v. *Dixie Mercerizing Co.*, 178 Tenn. 135, 156 S. W. (2d) 408.

All the evidence discloses that Wright did have a serious accident during the year 1935 which left him susceptible to disability when the site of such old injury was struck or accidentally hit even lightly; that on numerous occasions thereafter, including that of November 30, 1951, petitioner sustained slight accidents resulting in disability. The evidence discloses that upon each such occasion, including that of November 30, 1951, the injury healed in a comparatively short time.

 In this situation, the insurance company indicated its unwillingness to be subjected to recurring claims for compensation benefits as a result of minor injury to the petitioner and under the circumstances also was unwilling to continue to provide coverage benefits under said Act in so far as the petitioner was concerned. It was the act of petitioner's employer, who under the circumstances could not get insurance coverage on Wright, which prevented his returning to work and not as a result of the accident of November 30, 1951. The trial judge had much material evidence before him showing petitioner's recovery from the accident of November 30, 1951.

It results that the judgment of the lower court is affirmed.