BLEDSOE COUNTY HIGHWAY DEPARTMENT and INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Plaintiff in Error,

*v.*

STELLA V. PENDERGRASS, Widow of WILLOS E. PENDERGRASS, Deceased, Defendant in Error.

(*Knoxville*, September Term, 1959.)

Opinion filed December 11, 1959.

MILLIGAN, MILLIGAN & HOOPER, Chattanooga, for plaintiff in error.

VAN DERVEER & BROWN, Chattanooga, for defendant in error.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

The deceased, Willos E. Pendergrass, husband of the above named petitioner, had been employed as a night

watchman by the Bledsoe County Highway Department for about 5 years prior to his death. His duties as such night watchman required that he begin work about 5:00 P.M. and remain until daylight. His duties consisted of inspecting and watching equipment in and around the Highway Department Garage; in doing so, it was necessary for him to make use of a flight of wooden steps.

On the morning of April 29, 1958, while at work, the deceased while descending this flight of stairs fell from the second or third step to the base of same, landing on his right side. There resulted a bruise on the lower right chest wall and upper abdomen. He finished his tour of duty, went home and ate his breakfast and came back to a barber shop in the town of Pikeville for a shave, as was his custom. While in the barber shop, about 5 hours after his fall, he noted a weakness of the left arm and leg and reported immediately to the hospital. No doctor was available so he returned home and went to bed. The next morning he was seen by Dr. R. S. Morgan, who found that his left arm and leg and one side of his face were completely paralyzed. Thereafter his course was generally downhill and he died September 1, 1958.

The defendant had actual notice of the injury the day after the accident and a report was filed on May 12, 1958, with the Department of Labor but no compensation had been paid up to September 9, 1958. On said last mentioned date, a compromise settlement, approved by the late Judge Alan S. Kelly, was entered into by the defendant and the widow, by which she received a total sum of $1,341.60, consisting of $364.50 disability payments, if the disability had been compensable, $637 medical expenses, and $350 funeral expenses. The order approving

the settlement stated that there was considerable doubt as to the compensability.

The above settlement was not approved by the Division of Workmen's Compensation, Department of Labor for the State. The widow was informed by the Department of its disapproval and on October 10, 1958, she filed her petition within 30 days of the Division's disapproval of the settlement, proceeding according to T.C.A. sec. 50-1006.

The defendant demurred on the ground that T.C.A. sec. 50-1006 does not authorize the setting aside of a judgment approving a lump sum settlement of a workmen's compensation claim, and relying upon T.C.A. sec. 50-1025, which provides, "All amounts paid by employer and received by the employee or his defendents, by lump sum payments, shall be final * * *."

Upon this demurrer being overruled, the defendant then filed its answer in which it was admitted that the deceased had met with this accident, but it was denied that the same was compensable and alleged that the deceased had been in a bad state of health and under the care of a physician long prior to his death and, as a result of several strokes, he was subject to spells of vertigo; it was alleged that it was most likely that the fall was due to one of these spells; that the compromise settlement was made in good faith where liability was doubtful; and the position taken in the demurrer was repeated.

In the interim Judge Kelly died and was succeeded by Judge Chester C. Chattin, who heard the matter on oral testimony and set aside the lump sum settlement as being inadequate and made an award in installments not to

exceed the total amount of $11,000 as provided by statute in death cases, giving credit for payments already made.

The two assignments of error go to (1) the overruling of defendant's demurrer and (2) the setting aside of the lump sum settlement on which judgment was entered by Judge Kelly.

■ With reference to the demurrer, the widow in this case proceeded exactly in accordance with the provisions of T.C.A. sec. 50-1006 (Code 1932, Sec. 6877, as amended). See Appendix A hereto.

As the section now stands, it provides that it shall be the duty of the Judge of the Circuit, Chancery, or Criminal Court to whom any proposed settlement is presented for approval to determine that the employee is receiving thereunder substantially the benefits provided by the Compensation Act; that within 10 days of the entry of such a judgment a copy of the settlement shall be forwarded to the State Compensation Division of the Department of Labor and if it shall appear that the settlement does not make such proper award, either the employee, or the Superintendent of the Division of Workmen's Compensation may within 30 days after the receipt of such papers, file a petition to reopen the case and that the trial judge may, in his discretion, set aside the former judgment and readjudicate the matter, "whether court has adjourned in the meantime or not, notwithstanding Sec. 50-1024 to the contrary."

It is true that only Section 1024 was referred to and Section 1025 quoted supra, was not referred to in this 1947 Act, but the latter Act is clearly a repeal by implication of Section 1025 (Code 1932, Sec. 6892), with ref-

erence to the first part of same providing that lump sum payments shall be final.

This exact question raised by the demurrer has not been presented heretofore but in two opinions of this Court it has been impliedly so construed. *Winters v. Hunt,* 193 Tenn. 189, 245 S.W.2d 195; *Wright v. Gerst Brewing Co.,* 195 Tenn. 150, 258 S.W.2d 739.

Counsel for defendant seeks to distinguish the first of these cases on the ground that it is stated in the second paragraph of the opinion that the deceased lost his life in an accident *arising out of and in the course of his employment.* Quite correctly in any case, if those facts did not appear, there would not be a compensable case anyway. When Judge Chattin was presented with this petition, however, and the demurrer to same, he had not had an opportunity to hear the proof and determine compensability or lack of same, so that in our judgment he properly overruled the demurrer. This assignment is overruled.

■ With reference to the second assignment of error, we think the trial judge was correct in finding that the case was compensable and that the compromise settlement approved by Judge Kelly should be set aside and the petitioner awarded the installments under the death benefit provisions.

■ This man was a night watchman and was required to use the stairway and, while there was no eyewitnesses to the accident, it is admitted by the defendant in the answer that the accident occurred and, of course, the matter was so reported by the employer to the Department of Labor. There is no question of negligence

on the part of the defendant involved, it being purely a question of whether or not there is a causal connection between the conditions under which the work was required to be performed and the resulting injury. *Tapp v. Tapp,* 192 Tenn. 1; 236 S.W.2d 977, is applicable in this respect, especially the statements on pages 4 and the top half of 5 of 192 Tenn., on page 978 of 236 S.W.2d. We do not have, however, under the proof in this case any question of an idiopathic seizure. It is true that Dr. Morgan, the physician who had treated the deceased for several years, stated that the probabilities were about fifty-fifty that he could have had a seizure of vertigo, but the burden of proof to establish the occurrence of an idiopathic seizure under the facts of this case was upon the defendant and the principle of law is too well established to require citation of authority that where there is just as much probability of one theory being true as there is that it is not true, the same constitutes no evidence whatever. It is pure guesswork and speculation to draw either conclusion.

Accordingly both assignments must be overruled and the judgment below affirmed.

## APPENDIX A

"50-1006. Settlement between parties to be approved by court—Costs—Parties.—The interested parties shall have the right to settle all matters of compensation between themselves, but all settlements, before the same are binding on either party, shall be reduced to writing and shall be approved by the judge of the circuit court or of the chancery court or criminal court of the county where the claim for compensation is entitled to be made. It shall be the duty of the judge of the circuit

court or of the chancery court or criminal court to whom any proposed settlement shall be presented for approval under this law, to examine the same to determine whether the employee is receiving, substantially, the benefits provided by the Workmen's Compensation Law. To this end he may call and examine witnesses. Upon such settlement being approved, judgment shall be rendered thereon by the court and duly entered by the clerk. The cost of the proceeding, which is exempted from liability for privilege taxes, shall be borne by the employer. Certified copies of all papers, orders, judgments and decrees filed or entered by the court upon the approval of such settlement together with copy of the settlement agreement shall be forwarded to the division of workmen's compensation of the department of labor by the employer within ten (10) days after the entry of the judgment. Provided, further, that if it shall appear that any settlement approved by the court does not secure to the employee in a substantial manner the benefits of the Workmen's Compensation Law, the same may, in the discretion of the trial judge, be set aside at any time within thirty (30) days after the receipt of such papers by the division of workmen's compensation, upon the application of the employee or the superintendent of the division of workmen's compensation, of the department of labor in his behalf, whether court has adjourned in the meantime or not, notwithstanding sec. 50-1024 to the contrary. * * *'' (The rest of this section relates to the ''second injury fund.'')