**Pauline REAMS, Appellant,**

v.

**TROSTEL MECHANICAL INDUS-
TRIES, INC., Appellee.**

Supreme Court of Tennessee.

April 7, 1975.

L. L. Harrell, Jr., Harrell & Harrell, Trenton, for appellant.

Red Collins, Flippin & Collins, Milan, for appellee.

## OPINION

BROCK, Justice.

This is a proceeding under the workmen's compensation act.

The injured employee filed her complaint on May 21, 1971, alleging that on July 2, 1970, she received injuries by accident arising out of and in the course of her employment and that such injuries caused her to suffer disabilities for which she was entitled to recover benefits under the workmen's compensation act. Thereafter, on August 12, 1971, the employer filed its answer. When the case came on for trial on October 3, 1972, the parties announced to the court that they had entered into a compromise settlement agreement, which they wished to submit to the court for approval, whereby the employer agreed to pay and the employee agreed to accept in full compromise and settlement of her claim a lump sum payment in the amount of $12,267.00, consisting of $9,400.00, representing benefits for 200 weeks at the rate of $47.00 per week for 50 percent per-

manent partial disability of the body as a whole, and the sum of $2,867.00, representing benefits for 61 weeks of temporary total disability at the rate of $47.00 per week. Thereupon, the court conducted a hearing, and determined that the proposed compromise settlement was fair and reasonable, and entered a decree adopting and approving the same. Said decree, in pertinent part, provides:

"THIS CAUSE CAME ON TO BE HEARD on this the 3 day of October, 1972, upon the Complaint and Answer heretofore filed when the parties appeared by and through their Attorneys of Record and advised the Court that all facts and matters in controversy had been fully compromised and settled between themselves, subject to the approval of this Honorable Court.

"This cause then came on further to be heard on the medical depositions, being depositions from Dr. David Sisk of Campbell's Clinic, Dr. Joseph P. Rowland of Semmes-Murphy Clinic and Dr. Robert J. Barnett, and testimony heard in open Court and from all of which it satisfactorily appeared to the Court that the compromised settlement of this matter heretofore entered into between the parties under which the employee will be paid permanent partial benefits to be based on 50 percent permanent disability to the body as a whole is fair and reasonable and should be approved.

\* \* \* \* \* \*

"THEREFORE BE IT ORDERED AND ADJUDGED that the compromised settlement of all matters and (sic) controversy in this cause which was heretofore entered into by the parties and subject to the approval of this Honorable Court, is hereby confirmed, ratified and approved and upon the Defendant paying to the Plaintiff, the employee, the sum of $12,267.00, same being permanent partial benefits in the amount of $9,400.00 and temporary total benefits and (sic) the amount of $2,867.00, and

the medical expenses referred to herein, the defendant will fully discharge its responsibilities to the Plaintiff for the injuries complained of in this cause under the Workmen's Compensation Act of the State of Tennessee."

In due course the defendant paid the amounts stipulated in said judgment.

On June 6, 1973, the employee filed another complaint alleging that since the settlement and compromise judgment entered on October 3, 1972, she had suffered an increase in her incapacity and disability resulting from the injury so that she now suffers permanent and total disability and praying that the decree entered on October 3, 1972, be modified and that she be awarded additional benefits for her increased incapacity equal to 50 percent permanent disability of her body as a whole. The defendant responded with its answer and a motion to dismiss and a motion for a judgment on the pleadings. After a hearing on the motion for a judgment on the pleadings, the court granted said motion and dismissed the complaint seeking modification, holding that "this workmen's compensation case cannot be reopened for modification of the award and the complaint heretofore filed by Pauline Reams on June 6, 1973, should be dismissed and the court hereby awards the defendant a judgment on the pleadings." The employee has appealed to this Court asserting that the trial court erred in dismissing her complaint seeking to reopen and modify the decree entered October 3, 1972.

The controlling statutory provisions are found in T.C.A. §§ 50–1006 and 50–1025. In summary, T.C.A. § 50–1006 provides that the parties shall have the right to settle all matters of compensation between themselves, but that before such settlements shall become binding on either party, they shall be reduced to writing and approved by the trial court; that, upon presentation of a proposed settlement, the trial court shall examine the same to determine whether under its provisions the employee

is receiving, substantially, the benefits provided by the workmen's compensation law; that to this end the court may call and examine witnesses; that upon approval by the court judgment shall be rendered ratifying such settlement; that within ten days after entry of said judgment all the papers in the case, including the judgment, shall be forwarded to the Division of Workmen's Compensation of the Department of Labor by the employer; and that in the event said court approved settlement does not secure to the employee in a substantial manner the benefits of the workmen's compensation law, the same may, in the discretion of the trial judge, be set aside at any time within 30 days after receipt of such papers by the Division of Workmen's Compensation upon application of either the employee or the superintendent of the Division of Workmen's Compensation of the Department of Labor.

T.C.A. § 50–1025 provides:

"All amounts paid by employer and received by the employee or his dependents, by lump sum payments, shall be final, but the amount of any award payable periodically for more than six (6) months may be modified as follows:

 (a) At any time by agreement of the parties and approved by the court.

 (b) If the parties cannot agree, then at any time after six (6) months from the date of the award an application may be made to the courts by either party, on the ground of increase or decrease of incapacity due solely to the injury. In such cases the same procedure shall be followed as in § 50–1018 in case of disputed claim for compensation."

The employee relies upon subparagraph (b) of T.C.A. § 50–1025 as authority for reopening and modifying the decree entered October 3, 1972, approving and adopting the lump sum settlement agreement of the parties.

The employer relies upon the provision in T.C.A. § 50–1025 that:

"All amounts paid by employer and received by the employee or his dependents, by lump sum payments, shall be final, . . . ."

The employee contends that the provision of T.C.A. § 50–1025 that all amounts paid by the employer and received by the employee by lump sum payments shall be final has been repealed by implication by the later enacted provisions of T.C.A. § 50–1006, hereinabove summarized.

In support of this contention, the employee relies upon the decision of this Court in Bledsoe County Highway Department v. Pendergrass, 205 Tenn. 697, 330 S.W.2d 313 (1959), wherein it is said that T.C.A. § 50–1006 "is clearly a repeal by implication of [T.C.A. § 50–1025] with reference to the first part of same providing that lump sum payments shall be final." We think the reliance upon *Bledsoe County Highway Department* is misplaced. A question quite different from the one here presented was decided in that case, and it does not stand for the proposition that the provision of T.C.A. § 50–1025 that lump sum payments of compensation benefits shall be final is completely repealed by implication by the later enactment of the provisions of T.C.A. § 50–1006, hereinabove summarized. It does hold, and correctly so, that T.C.A. § 50–1025 was repealed by implication insofar, only, as its provisions would prohibit the setting aside of judgments approving compromise lump sum settlements of compensation benefits upon the terms and pursuant to the procedures set out in T.C.A. § 50–1006, hereinabove summarized.

 In the *Bledsoe County Highway Department* case the widow of the deceased employee and the employer had entered into a compromise settlement, which was approved by the trial court, whereby she received the total sum of $1,351.60 for

the death of her husband. The settlement was disapproved by the Division of Workmen's Compensation, Department of Labor, and the widow was so informed on October 10, 1958. Within 30 days of such disapproval, the widow filed her petition seeking to set aside the court approved lump sum settlement under the provisions of T.C.A. § 50–1006. The employer defended her application upon the ground that the lump sum settlement was rendered final by T.C.A. § 50–1025. The trial court, after an evidentiary hearing, set aside the lump sum settlement as being inadequate and made an award of the death benefits provided by the workmen's compensation act. Upon appeal, this Court affirmed the trial court. In its opinion the Court stated:

"The widow in this case proceeded exactly in accordance with the provisions of T.C.A. § 50–1006."

In dealing with the employer's insistence that the lump sum settlement to the widow was rendered final by T.C.A. § 50–1025 and, therefore, could not be set aside, the Court held that the trial court was vested with authority to set aside said lump sum settlement by provisions of T.C.A. § 50–1006 and that these provisions constituted a repeal by implication of T.C.A. § 50–1025 "with reference to the first part of same providing that lump sum settlements shall be final." The statement in the opinion regarding the repeal by implication of T.C.A. § 50–1025 must not be lifted out of context and given a broader meaning which was clearly not intended. We construe the opinion to mean that the provision of T.C.A. § 50–1025 that all lump sum payments of compensation shall be final is repealed by implication to the extent, only, that it conflicts with the later enacted provisions of T.C.A. § 50–1006 allowing a lump sum settlement to be set aside if application is made to the trial court within 30 days after receipt by the Division of Workmen's Compensation of the judgment approving the compromise settlement and the other papers in the case, and if a show-

ing is made that the settlement does not secure to the employee in a substantial manner the benefits of the workmen's compensation law. As thus understood, we reaffirm the decision in the *Bledsoe County Highway Department* case. Repeals by implication are not favored and a later act, if repugnant and irreconcilable on a particular point with a prior act, will operate as a repeal by implication of such prior act only to the extent of such repugnancy and conflict. Southern Construction Co. v. Halliburton, 149 Tenn. 319, 258 S.W. 409 (1924). Therefore, we hold that the provision of T.C.A. § 50–1025 that "all amounts paid by employer and received by the employee or his dependents, by lump sum payments, shall be final, . . . ." was impliedly repealed by T.C.A. § 50–1006 only to the extent that it is in conflict with the latter section and that it in all other respects remains in full force and effect.

 In the case at bar, it is obvious that the employee does not present a case coming within the provisions of T.C.A. § 50–1006. Her complaint seeking to set aside and modify the decree of October 3, 1972, which approved the lump sum settlement of $12,267.00, was not filed within the 30 day period prescribed by T.C.A. § 50–1006 but was filed more than eight months after the entry of said compromise judgment. It is also clear that her complaint is not authorized by T.C.A. § 50–1025(b) because the decree which she seeks to set aside is not an "award payable periodically for more than six months . . . ." What she seeks to set aside is a "lump sum payment" which T.C.A. § 50–1025 declares shall be final.

Since the employee's complaint does not fall within the provisions of either T.C.A. § 50–1006 or T.C.A. § 50–1025(b), it necessarily follows that her attempt to set aside the lump sum settlement approved by the decree of October 3, 1972, is prohibited by the finality provision of T.C.A. § 50–1025. See: Hay v. Woosley, et al., 175 Tenn. 475, 135 S.W.2d 933 (1940).

The decree of the trial court sustaining the motion of the employer for a judgment on the pleadings is affirmed and the complaint dismissed with all costs incident to the appeal adjudged against the appellant.

FONES, C. J., and HARBISON, HENRY and COOPER, JJ., concur.