**FILED**
**Feb 04, 2019**
**10:39 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| ESTATE OF CLARENCE TURNAGE, | ) | Docket No.: 2017-05-0963 |
| Employee, | ) | |
| And | ) | |
| EJT, NRT, and SMT, | ) | State File No.: 58603-2017 |
| Employee's minor children, | ) | |
| v. | ) | |
| DOLE REFRIGERATING CO., INC., | ) | Judge Dale Tipps |
| Employer. | ) | |

---

## COMPENSATION HEARING ORDER

---

This matter came before the Court on January 17, 2019, for a Compensation Hearing. The central issue is whether two of Clarence Turnage's biological children, Noah and Sarah, are entitled to death benefits. For the reasons below, the Court holds that they are not.

### History of Claim

The parties stipulated a number of facts at the hearing:

- Mr. Turnage died on August 3, 2017, from injuries that arose out of and in the course and scope of his job at Dole Refrigerating.
- Mr. Turnage's average weekly wage was $640.92.
- At the time of his death, Mr. Turnage was unmarried, but he lived with Megan Black and their minor son, Elijah.
- Before living with Ms. Black, Mr. Turnage fathered two children, Noah and Sarah, with Michelle Jewett.
- Mr. Turnage and Ms. Jewett's parental rights were terminated when Mr. Turnage's mother, Deborah Dean, adopted Noah and Sarah in 2012. Noah and Sarah are minors.

1

- Elijah is entitled to benefits as a "wholly dependent" child under Tennessee Code Annotated section 50-6-210(a)(2).

At the hearing, Ms. Dean testified about adopting Noah and Sarah. The children were living in Florida with both parents when their mother left the home and Mr. Turnage went to prison. As a result, the state placed Noah and Sarah in foster care. To keep the children together, Ms. Dean and Mr. Turnage agreed she should adopt them, and she brought the children to live with her in Tennessee. As a result of the adoption, the State of Florida pays Ms. Dean $834.00 per month for the benefit of the children. She also receives $284.00 in Social Security benefits per month per child.

Mr. Turnage left prison a few months after the adoption and returned to Tennessee. The children continued to reside with Ms. Dean, but they usually stayed with Mr. Turnage and Ms. Black on weekends, holidays, and most of summer vacation. Ms. Dean described a close and loving relationship between Mr. Turnage and the children.

When asked if Mr. Turnage provided any support other than food when the children stayed with him, Ms. Dean said that he would buy some of their clothes, school supplies, and toys when he had money. He also claimed the children as exemptions on his income tax and shared a portion of his tax refunds with her. However, Ms. Dean admitted that Mr. Turnage did not provide any significant amount of financial support for the children.

In early 2017, Ms. Dean and Mr. Turnage had a disagreement. As a result, he had no contact with the children for the last four months of his life, and he failed to share that year's tax refund with Ms. Dean.

Ms. Black testified that Mr. Turnage moved in with her after he returned to Tennessee in 2012, and they had Elijah the next year. They lived together as a family until Mr. Turnage's death. Ms. Black confirmed that Noah and Sarah spent most weekends, summers, and holidays with her and Mr. Turnage, which she estimated to be about one-third of every year.[1]

The guardian *ad litem* for Noah and Sarah contended that they meet the statutory definition of "wholly dependent." Therefore, they are entitled to a full share of survivor benefits.

Elijah's guardian *ad litem* argued that because the adoption terminated Mr. Turnage's parental rights, Noah and Sarah are not entitled to benefits under the Workers' Compensation Law. In the alternative, he contended that the children were only partially

---

[1] In her response to Requests for Admissions, Ms. Black suggested that the children stayed with Mr. Turnage approximately 170 days per year.

dependent and thus entitled to a smaller share of benefits than Elijah.

Dole echoed Elijah's argument, contending that Noah and Sarah are not entitled to any benefits because they failed to meet the statutory definition of "dependents."

**Findings of Fact and Conclusions of Law**

The following legal principles govern this case. Noah and Sarah have the burden of proof on all essential elements of their claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). This means they must establish by a preponderance of the evidence that they are, in fact, entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) ("[T]he employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence.").

*Death Benefits*

The Workers Compensation Law provides several ways in which a child might be entitled to death benefits. One of these is Tennessee Code Annotated section 50-6-210(a), which provides that a child under sixteen years of age "shall be conclusively presumed to be wholly dependent." The parties agree that Elijah meets this definition and is entitled to benefits. The first question for the Court is whether Noah and Sarah also fit into this category.

The problem for Noah and Sarah is that they are Mr. Turnage's biological offspring but they were not his legal children at the time of his death. Instead, as the Final Judgment of Adoption notes, Mr. Turnage's parental rights were terminated by court order. Noah and Sarah were the legal children of Ms. Dean. Thus, they do not fit the obvious technical meaning of "child" as it is used in section 50-6-210(a).[2] The Court therefore cannot conclusively presume them to be wholly dependent.

Noah and Sarah disagree, relying on *Williams v. Travelers Ins. Co.*, 530 S.W.2d 283 (Tenn. 1975), and *Stamps v. Trinity Marine Prods., Inc.*, 2016 Tenn. LEXIS 184 (Tenn. Workers Comp. Panel March 22, 2016). The *Williams* Court held, "A stepchild, who is a member of the employee's family and is dependent upon the employee for support, is a dependent child within the ambit of protection of the Workmen's Compensation Act and is entitled to share benefits equally with an actual child of the deceased employee." *Id.* at 285. Noah and Sarah contend that if a stepchild can qualify as a dependent, then they should, too.

---

[2] That is, although Noah is still a child, he is not Mr. Turnage's child.

3

Up to a point, Noah and Sarah are correct – children may qualify for benefits even if their legal relationship to the decedent is not simple or clear. However, their reliance on *Williams* is misplaced insofar as they seek to rely on the conclusive presumption of "wholly dependent" found in section 50-6-210(a). The stepchild in *Williams* received benefits on the trial court's finding that he was *actually* dependent on Mr. Williams at the time of his death. In other words, the Court did not apply the conclusive presumption but noted, "Relationship is not the test, but support and actual dependency of the child." *Id.*[3]

Further, Mr. Turnage's use of Noah and Sarah as exemptions on his federal income tax returns is not determinative because he had no legal relationship with them, provided informal and limited support, and kept them in his home less than half of each year. Further, although they cited Internal Revenue Code and Treasury Regulations, Noah and Sarah produced no authority that those definitions of "qualifying child" or "custodial parent" are binding on the Court. The Court also notes that Mr. Turnage would not appear to qualify as a claiming or custodial parent under the cited regulations.

Having determined Noah and Sarah are not presumed to be dependent, the next issue is whether they are entitled to benefits because of actual dependency. There are two possible paths to this result. The first, section 50-6-210(c), provides that certain relatives of the deceased[4] shall be considered an actual dependent if they "were wholly supported by the deceased employee at the time of death and for a reasonable period of time immediately prior to the time of death." This section is inapplicable because Mr. Turnage never "wholly supported" Noah and Sarah once Ms. Dean adopted them.

The other means of entitlement to benefits is found in section 50-6-210(d), which provides:

> Any member of a class named in subsection (c) who regularly derived part of the member's support from the wages of the deceased employee at the time of death and for a reasonable period of time immediately prior to the time of death shall be considered a partial dependent, and payment of compensation shall be made to the dependents in the order named.

Dole and Elijah contended that, because Noah and Sarah were no longer Mr. Turnage's legal children, they were not members of the "class named in subsection (c)." The Court disagrees. As has already been noted, *Williams* and *Stamps* make it clear that dependent stepchildren may receive benefits, even though the decedent had no legal duty to support them. This situation seems analogous to those cases. Further, because Ms.

---

[3] Similarly, the Panel in *Stamps* held that the stepchild would be entitled to seek benefits if he were able to prove *actual* dependency under section 50-6-210(c) or (d). *Stamps,* at *10.

[4] Wife, husband, child, mother, father, grandparent, sister, brother, mother-in-law, or father-in-law.

Dean adopted the children, they became, legally, Mr. Turnage's brother and sister. Thus, if they met the other requirements of this section, they would be entitled to survivor benefits. However, the Court cannot find they met these other conditions.

The problem is that Mr. Turnage had no contact with the children for the last four months of his life and provided no support during that period. Nor was there any evidence as to when or if he might resume that support. This does not meet the statutory requirements that Noah and Sarah "derive[d] part of their support" from Mr. Turnage's wages "at the time of his death." Further, the children received no support from Mr. Turnage for the preceding several months, which the Court finds to be "a reasonable period of time immediately prior to the time of death." Unfortunately, as both of these conditions are required by section 50-6-210(d), the failure to meet either one is fatal to Noah and Sarah's claim. They do not meet the definition of partial dependents.

The Court notes that even if Noah and Sarah had successfully established partial dependency, they still failed to meet their burden of proving "all essential elements of their claim." The missing element arises out of Section 50-6-210(e)(9), which provides that partial dependents:

> shall be entitled to receive only that proportion of the benefits provided for actual dependents that the average amount of the wages regularly contributed by the deceased to the partial dependent at the time of, and for a reasonable time immediately prior to, the injury, bore to the total income of the dependent during the same time.

Mr. Turnage provided some level of contribution by feeding the children and occasionally purchasing items for them when they visited. However, the parties submitted no evidence as to the amounts spent, the value of those contributions, or the amounts he gave Ms. Dean from his tax refunds, much less any proof of the proportion of those expenditures to Mr. Turnage's total income. Further, this calculation suffers from the same problem as before – the statute requires the calculation to be based upon the time of the work injury "and for a reasonable time immediately prior." As noted above, Mr. Turnage's failure to provide any support for a substantial period before his death makes this calculation impossible, or at least impermissibly speculative.

Therefore, this Court concludes that Noah and Sarah failed to establish by a preponderance of the evidence that they are entitled to any Workers' Compensation benefits arising out of Mr. Turnage's death.

Elijah established the presumption of dependency and is thus entitled to weekly benefits of 50% of Mr. Turnage's average weekly wage under Tennessee Code Annotated section 50-6-210(e)(5). Based on the parties' stipulation, this compensation

rate is $320.46 per week.

*Attorney Fees*

Both guardians *ad litem* indicated that they intend to seek payment of their fees under Rule 17.03 of the Tennessee Rule of Civil Procedure. However, both attorneys asked that the Court postpone their requests until after issuing the Compensation Hearing Order. They explained that they would not have a full accounting of the time spent on this matter until after the hearing and any post-hearing matters are concluded. The Court finds this request reasonable. The Court further notes that Ms. Black's attorney did not indicate whether he intended to seek a fee. Therefore, the Court will address the issue of fees at a later date.

**IT IS, THEREFORE, ORDERED** as follows:

1. Noah and Sarah Turnage's claims against Dole Refrigeration Co. and its workers' compensation carrier are dismissed with prejudice against their refiling.

2. Dole Refrigeration Co. shall pay Elijah Turnage death benefits in the amount of $320.46 per week until he is no longer eligible for benefits under Tennessee Code Annotated section 50-6-210(e)(11). Payment of benefits shall be deferred until after the Court determines whether Ms. Black's attorney is entitled to any fees and, if so, to what extent the benefits must be commuted.

3. Counsel seeking fees must file their fee requests and supporting documentation within fifteen days of this order becoming final. Any party opposing such a request shall have an additional ten days to file a response.

4. Costs of $150.00 are assessed against Dole Refrigeration Co. under Tennessee Compilation Rules and Regulations 0800-02-21-.07, to be paid to the Court Clerk within five days of this order becoming final.

5. Dole Refrigeration Co. shall prepare and file a statistical data form (SD2) within ten business days of the date of this order under Tennessee Code Annotated section 50-6-244.

6. Absent an appeal, this Order shall become final in thirty days.

**ENTERED this the 4th day of February, 2019.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**


## APPENDIX

Exhibits

1. Dole's responses to requests for admissions
2. Ms. Black's responses to requests for admissions
3. Ms. Dean's responses to requests for admissions
4. Transcript of Ms. Dean's deposition
5. Transcript of Ms. Black's deposition
6. Collective exhibits submitted by Noah and Sarah Turnage
7. Elijah Turnage's birth certificate

Technical Record:

1. Petition for Benefit Determination
2. Post-Discovery Dispute Certification Notice
3. Orders appointing guardians *ad litem*
4. Noah and Sarah Turnage's Exhibit and Witness List
5. Dole Refrigeration's Exhibit and Witness List
6. Noah and Sarah Turnage's Pre-Hearing Statement
7. Elijah Turnage's Pre-Hearing Statement
8. Dole's Compensation Hearing Brief
9. Elijah Turnage's Prehearing Brief

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on this the 4th day of February, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Connor Sestak, attorney for Dole Refrigerating Co., Inc. | | | X | csestak@morganaikins.com |
| David Goodman, attorney for Megan Black | | | X | dgoodman@forthepeople.com |
| R. Steven Waldron, guardian ad litem for NRT and SMT | | | X | arlenesmith@comcast.net |
| Richard Matthews, guardian ad litem for EJT | | | X | Rmatthews95@aol.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

8



## Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# COMPENSATION HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I,_____ , certify that I have forwarded a true and exact copy of this
Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all
parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee
Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___.


[Signature of appellant or attorney for appellant]   _____


Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals
Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by
the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

Groceries       $ _____ per month     Telephone       $ _____ per month

Electricity      $ _____ per month     School Supplies $ _____ per month

Water          $ _____ per month     Clothing        $ _____ per month

Gas           $ _____ per month     Child Care      $ _____ per month

Transportation   $ _____ per month     Child Support   $ _____ per month

Car           $_____ per month

Other         $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House                $ _____     (FMV) _____

Other               $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____